## JULIUS KAUFMAN ET AL. v. JOHN B. WOLF.

### No. 6670.

**Assignment—Limitation.**—The statute gives right of action to creditors of an insolvent debtor who has made an assignment under the statute on the bond required of the assignee. An assignee paid in good faith but illegally to one creditor an amount in excess of his distributive interest. *Held:*

1. The other creditors had a cause of action on the bond as soon as the erroneous payment was made.

2. It was not necessary to establish by suit *devastavit* against the assignee before action could be maintained against the sureties on his bond.

3. A judgment against the assignee alone fixed only the extent of his own liability, and though final judgment against him was affirmed on appeal it could not affect the defense of limitation brought on the same cause of action against his sureties on the bond after the expiration of four years from the illegal payment.

APPEAL from Milam. Tried below before Hon. Eugene Williams.
The opinion states the case.

*Robert G. Street,* for appellants. — 1. In Blum v. Wettermark, 56 Texas, it was expressly held that the assignee's sureties were proper parties in the original suit brought to establish the default. And so in United States v. Baffitt, 5 Otto, 324.

2. If action accrued on the bond more than four years before this suit was brought, the plea of the statute of limitations will prevail; and this whether the plaintiff's petition states a cause of action or not. The court below held the bond could not have been sued on until after the judgment of this court in the case against the assignee October, 1886. And I suppose his honor's view was that the breach of the bond consisted in the assignee not having on hand in October, 1886, the money which it was alleged he had wrongfully disbursed in October, 1881, wherewith to pay the judgment against him. What force and effect, if any, the judgment against the assignee is entitled to when pleaded or offered in evidence against the sureties is doubtless an interesting inquiry. But even were it, in the sense of the authorities on this subject, conclusive on the sureties, this does not mean that these sureties may not plead limitation or any other defense they may have which does not impugn the correctness of the judgment, that is the *rem ipsam.*

The learning on that subject collated by Judge Freeman in his notes to Charles v. Hopkins, 83 American Decisions, has no real application to the case. It is not a matter of any practical importance under our plea that the judgment should be considered conclusive upon us of the fact of the payment of the Willis dividend and the expenses of the Wells farm, and that these were wrongful disbursements.

The question remains, why is not the action against these sureties for

payments made by the assignee in October, 1881, barred by limitation of four years in March, 1887.

The line of cases most analogous to the case at bar is that treating of the bonds of sheriffs and constables, and reference to administration cases is only misleading.

*E. L. Anthony*, for appellee.—1. The allegations of the plaintiff's pleadings constitute a good cause of action against appellants as the sureties on the assignee bond of Wynne. Sayles' Civ. Stats., art. 65f; Wynne v. Hardware Co., 67 Texas, 40; Gray v. McFarland, 29 Texas, 169; Little v. Commonwealth, 48 Pa. St., 337.

2. The cause of action against the appellants as sureties of Wynne accrued when appellee qualified and demanded of Wynne that he pay in accordance with the decree, and Wynne failed to pay, which was March 12, 1887. Gray v. McFarland, 29 Texas, 169; Little v. Commonwealth, 48 Pa. St., 337; Commonwealth v. Gould, 118 Mass., 300; Brandt on Sure., sec. 532, *et seq.*

3. The cause of action of appellee as stated in his pleading is not barred by the statute of limitations. Sayles' Civ. Stats., art. 65q; Brandt on Sure., sec. 120; Davis v. Hooper, 33 Miss., 184, 185; Sugg v. Thrasher, 30 Miss., 135; 2 Story's Eq. Jur., sec. 1316a; Bank v. Knott, 10 Rich. Law, 543.

STAYTON, CHIEF JUSTICE.—On January 22, 1881, Hudson & Son made an assignment under the statute for the benefit of such of their creditors as would accept under it and release them.

C. E. Wynne was appointed assignee and qualified on January 31, 1881, by giving bond required by the statute, with Julius Kaufman, Julius Runge, and J. S. Perry as sureties, conditioned for "the faithful discharge of his duties as assignee and to make proportional distribution of the net proceeds of said estate among the creditors entitled thereto."

On October 1, 1881, the assignee had in hand a fund with which to pay a dividend to accepting creditors and proceeded to do so; but in doing this he paid to P. J. Willis & Bro., as consenting creditors, a large sum of money to which they were not entitled, because they had not properly established their claim.

To recover the sum so misappropriated, consenting creditors brought an action against Wynne on April 2, 1883, the sureties not being made parties. In that case a judgment was obtained, which on appeal was decided in favor of the creditors as to the fund in issue in this case. Wynne v. Hardware Co., 67 Texas, 40.

On March 24, 1887, this action was brought by Wolf, who in the former suit was appointed assignee in place of Wynne removed, against Wynne and the sureties on his bond, and it may be deemed an action on the former

judgment as well as on the bond executed by Wynne and his sureties. The sureties interposed as a defense the statutes of limitation applicable to actions for debt founded on contracts in writing, which was overruled and judgment entered against all the defendants.

Defendant Perry pleaded that by reason of an agreement between himself and cosureties they sustained to him the relation of principals, and this the court found to be true and entered a judgment in accordance. In so far as Perry is concerned, on payment of a sum of money by consent of all parties he was discharged from all further liability. This matter has no bearing on the questions before us. An appeal is prosecuted by the sureties Kaufman and Runge.

More than four years having elapsed between the misappropriation of the money and the institution of this action, the cause of action was barred unless limitation only ran from the time the former action was disposed of by this court. That is the proposition asserted by counsel for appellee.

The statute regulating assignments provides that "whenever any assignee shall have in his hands funds sufficient to pay 10 per cent of the debts due by the assignor he shall make a pro rata distribution of the same among said creditors.

At the time Wynne made the pro rata payment in which Willis & Bro. participated he had and distributed a fund making payments largely in excess of 10 per cent of amount due consenting creditors.

The condition of the bond required by the statute and executed by Wynne and his sureties is as before stated, and the statute further provides that the bond "shall be filed with the county clerk of the county in which such assignee resides, and shall enure to the benefit of the assignor and the creditor or creditors, who may maintain an action thereon against such assignee and sureties, in his or their own names, jointly or severally, for any breach thereof or violation of this law by reason of which such assignor or creditor shall sustain damage." Sayles' Civ. Stats., art. 65f.

The payment made by Wynne to Willis & Bro., although made in the utmost good faith, was unlawful and amounted to a misappropriation of so much of the fund, which other creditors at the time that misappropriation was made were entitled to have paid to themselves in proportion to their several established claims.

This was a breach of the bond which bound the assignee for the "faithful discharge of his duties," as was it a breach of his obligation "to make proportional distribution of the net proceeds of said estate among the creditors entitled thereto."

That breach of the bond gave to any one or more of the creditors the right to "maintain an action thereon against such assignee and sureties in his or their own names, jointly or severally, for any breach thereof."

Creditors had cause of action as soon as the fund was misappropriated,

and might then have brought the action against the sureties as well as principal.

If the beneficiaries who were authorized to sue are barred as well as the assignors, then the substituted assignee is barred.

It was not necessary by action to establish devastavit against the principal before action could be maintained against the sureties.

It is contended, however, that the judgment against Wynne is binding on his sureties, and that for this reason limitation did not run in their favor until the affirmance of the judgment rendered against him in the former action.

There is much conflict of decision as to the extent to which a judgment against a principal alone will be evidence of the liability of a surety, and as to how far such a judgment will bind him, but it is unnecessary in this case to enter into a discussion of that question, for it is too clear that in a case like this a judgment against the principal could not be given a greater effect than to fix the liability and extent of liability of the principal. Whether it should be given as against sureties this effect it is unnecessary to determine.

The statute applicable to this case declares that " there shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterwards, all actions or suits in court."

The cause of action made the foundation of this suit accrued on October 8, 1881, and more than four years elapsed between that date and the bringing of this action, and it was clearly barred.

The fact that the liability of the principal was absolutely fixed by the former judgment is a matter of no consequence on the question of limitation; nor is it a matter of any consequence in this respect what may be the effect of that judgment as evidence.

We are referred to the case of Little v. Commonwealth, 48 Pennsylvania State, 341, as an authority for the proposition that limitation did not run in favor of the sureties until the affirmance of the former judgment against Wynne, but there was no question of limitation in that case.

If the bond which creates the sole obligation of the sureties had been given in the former suit and conditioned that the principal and sureties would satisfy the judgment therein to be rendered, then a case would be presented in which the statute would not run until the determination of that action, for until then there could be no breach.

With sureties, as other debtors, the statutes of limitation will run from the time a cause of action accrues against them. Wofford v. Unger, 55 Texas, 483; Ratcliff v. Lennig, 30 Ind., 289; Murfree on Off. Bonds, 787; Brandt on Sure., 120. The establishment of any other rule would annul the statute.

The defense of limitation urged by the sureties should have been sustained, and the judgment of the court below will be reversed and the

cause dismissèd as to the sureties Kaufman, Runge, and Perry, but remanded as to the defendant Wynne.

*Ordered accordingly.*

Delivered May 9, 1890.