(160 App. Div. 619)

BALL v. GERARD et al.

(Supreme Court, Appellate Division, First Department. February 13, 1914.)

1. PLEADING (§ 345*)—MOTION FOR JUDGMENT—COMPLAINT GOOD IN PART.

Where, though they were not separately stated and numbered, a complaint contained three causes of action, and no motion was made to separately state and number them or demurrer interposed for misjoinder of causes, judgment for defendants could not be granted on the pleadings on

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the ground that the action was barred by limitations, if any of the causes of action accrued within the statutory period.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. § 345.*]

2. LIMITATION OF ACTIONS (§ 100*)—COMPUTATION OF PERIOD—DISCOVERY OF FRAUD.

Limitations ran against a cause of action for damages for deceit by which plaintiff was induced to purchase corporate stock from the consummation of the fraud and not from the discovery thereof.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 323, 480–493; Dec. Dig. § 100.*]

3. LIMITATION OF ACTIONS (§ 55*)—ACCRUAL OF CAUSE OF ACTION—ACTIONS FOR DAMAGES FOR FRAUD.

Where plaintiff was induced by defendant's deceit to subscribe on December 1, 1906, for stock in a corporation, which subscription was thereupon accepted, and to pay one-half the price on that date and the balance on March 1, 1907, limitations ran against a right of action for damages from December 1, 1906; the falsity of the representations existing then, if at all, and plaintiff being then deprived thereby of the value of his contract.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 299–306; Dec. Dig. § 55.*]

4. FRAUD (§ 12*)—REPRESENTATIONS CONSTITUTING.

Actionable false representations must be of existing facts.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 14; Dec. Dig. § 12.*]

Appeal from Special Term, New York County.

Action by Thomas H. Ball against Julian M. Gerard and William T. Harkness and others. From an order denying their motion for judgment on the pleadings, the defendants named appeal. Reversed, and motion for judgment granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Bowers & Sands, of New York City (John M. Bowers, of New York City, of counsel, and Latham G. Reed, of New York City, on the brief), for appellants.

Baylis & Sanborn, of New York City (Frederick H. Sanborn, of New York City, of counsel), for respondent.

CLARKE, J. This is an action at law for damages for deceit, and not an action to rescind.

The complaint alleges that on or about the 19th day of November, 1906, defendants fraudulently caused to be prepared, published, and delivered, and generally distributed, a prospectus, a copy of which was attached to the complaint, and fraudulently caused to be delivered to the plaintiff a copy of said prospectus, for the purpose of inducing the investing public in general and all persons into whose hands such prospectus should come, including the plaintiff, in reliance upon the statements contained therein, to invest in the shares of stock of the Barnes King Development Company, and to persuade said public and this plaintiff that the shares of said company would prove a safe and highly remunerative investment. It then sets forth the representa-

tions which are claimed to be false and fraudulent. It alleges that the defendants, having delivered or caused to be delivered to plaintiff .the aforesaid prospectus, requested plaintiff to become a subscriber to the stock of said company, and thereupon, and on or about the 1st day of December, 1906, plaintiff believing all the statements contained in the said prospectus, and in sole and implicit reliance thereon, and in entire ignorance of the nature and character of the mining property referred to, subscribed to 1,000 shares of the stock of said company, agreeing to pay therefor at the rate of $5 per share, and the said defendants thereupon accepted such subscription to the extent of 700 shares. It further alleges that plaintiff paid for said stock $1,750 on December 1, 1906, and the balance of $1,750 on March 1, 1907. Plaintiff further alleges that, continuing to rely solely on the statements contained in said prospectus, and believing the same to be true, he was thereby induced to and did, on December 27, 1906, purchase 300 further shares of said stock in the open market, paying therefor $1,756.25, and on January 7, 1907, 1,000 further shares in the open market, paying therefor $5,625. He alleges that the value of the shares of stock of said company was not at any time and is not now in excess of ten cents per share, although the par or face value thereof was $5, and, if the representations made by the defendants in said prospectus had been true, said stock would at all times have been worth in excess of $10 per share; that by reason of the premises this plaintiff has been damaged in the sum of $20,000, for which he demands judgment with interest from January 2, 1907.

The answer, inter alia, set up as a defense that the action was commenced by the service of a summons on January 16, 1913, and that the alleged cause or causes of action did not, nor did any of them, accrue within six years next before the commencement of the action.

Being required by an order to that effect plaintiff replied, admitting that the action was commenced on January 16, 1913, and alleging that the cause of action set forth in the complaint did not arise, and the statute of limitations did not commence to run against the same until the date of the last payment made by the plaintiff under his said subscription, to wit, on or about March 1, 1907.

Defendants thereafter moved for judgment upon the pleadings, which motion having been denied, from the order entered thereupon this appeal is taken.

While stated in one count, there are three separate transactions set up in the complaint: A subscription for 700 shares of stock at $5 per share, which by its acceptance became a firm contract December 1, 1906, under which payment was made in accordance with the terms of the subscription of $1,750 on December 1, 1906, and of the balance of $1,750 on March 1, 1907. (2) The purchase in the open market of 300 shares for $1,756.25 on December 27, 1906. And (3) the purchase in the open market of 1,000 shares for $5,625 on January 7, 1907.

[1] As no motion was made to separately state and number the various causes of action, and as no demurrer was interposed upon the ground of improper joinder of causes of action, we must, upon this

motion for judgment upon the pleadings upon the ground of the completed running of the statute of limitations, determine if any one of the three transactions contained in the complaint, although not alleged therein to be separate causes of action, accrued within six years prior to the beginning of the same, for, if any one of them did, the order appealed from was correct and defendants were not entitled to judgment upon the pleadings.

It is clear that the two purchases in the open market, one on the 27th of December, 1906, and one on January 7, 1907, were complete transactions at said dates. If plaintiff had any cause of action thereon, said cause of action accrued on said dates, and the statute of limitations had run at the time of the commencement of this action on January 16, 1913. The debatable question is upon the subscription for the 700 shares made on the 1st day of December, 1906, upon which date $1,750 was paid; the balance being paid on March 1, 1907. When did this cause of action accrue? Upon the making of the firm contract on December 1, 1906, or upon the payment of the balance due thereunder on March 1, 1907?

[2, 3] The learned Special Term held that the cause of action accrued when the subscription was completed by the payment of the last amount due thereunder and the delivery of the certificates, and therefore that the statute of limitations pleaded was not a defense. This we think was error. It is conceded that the six-year statute applies. It is also conceded that the date of the discovery of the falsity of the statements contained in the prospectus does not affect the determination of the date when the statute began to run. That is, the statute begins to run from the consummation of the fraud, and not from the discovery thereof. This proposition is settled.

[4] The action is at law to recover damages for deceit in having been induced by false and fraudulent representations to make the contract for the purchase of stock. The representations had all been made prior to the subscription. Their falsity, if they were false and fraudulent, existed at that time, because it is not only so alleged in the complaint, but actionable false representations must be of existing facts. Therefore, on the 1st of December, 1906, the plaintiff made his contract and executed it by part payment thereon induced by the false and fraudulent representations of the defendants. Thereupon his cause of action accrued.

In Northrop v. Hill, 61 Barb. 136, plaintiff alleged that he was induced to purchase certain premises by means of fraudulent representations on the part of the defendant, who held a mortgage thereon, that there was no other incumbrance, when, in fact, there was, to defendant's knowledge, another mortgage thereon. At Special Term, Marvin, J., said:

"The position of the plaintiff's counsel is that the statute of limitations did not commence running in this case until there had arisen a cause of action for real and substantial damages; that no facts existed until the foreclosure of the Fellows mortgage, justifying an action for anything more than nominal damages, and it could not be presumed, until the foreclosure of that mortgage, that any other damages would ever arise; in short, that when the damages actually occurred, then the statute of limitations commenced running. * * * Leonard v. Pitney, 5 Wend. 30, is in point. It is there de-

cided that the action must be brought within six years after the fraudulent representations. The attempt was there made to evade the running of the statute upon the ground that the fraud was not discovered until within six years. This was overruled. * * * In that case it was expressly said that the cause of action arose when the deceit was practiced at the sale,· and that, being more than six years before the suit was commenced, the plea interposes a complete bar to the action. See, also [Troup v. Smith's Ex'rs] 20 Johns. 33."

At the General Term, Johnson, J., said:

"The fraud complained of was practiced upon the plaintiff in March, 1854, and this action was not commenced until June, 1869, nearly 15 years afterwards. * * * There can be no doubt that this cause of action accrued to the plaintiff the moment the bargain was completed by the conveyance of the premises to him. It is of no consequence, whatever that he did not discover the fraud within the six years. Had the defendant even concealed it from him, it would not have prevented the statute from running. * * * The cause of action was the single act of fraudulent misrepresentation, and the right of action accrued when that representation was made. It was not a continuous act, like a continuing trespass, or a nuisance. It was the act of misrepresentation which constituted the cause of action, and not the resulting damages. Whitehouse v. Fellowes, 100 E. C. L. 765."

In affirming the Court of Appeals said in (Northrop v. Hill) 57 N. Y. 351, 15 Am. Rep. 501:

"I think that it is clear that, when a party to a contract is guilty of fraud, he commits a wrong for which he is liable to the defrauded party, to pay, at least,·nominal damages. The act of entering into contract relations implies that the parties are to deal in good faith·with each other. On no other basis can the minds of the parties be expected to meet. If one of them, professing in this way to act in good faith, in fact, commits a fraud, he breaks the implied obligation he is under, and should be made to respond in damages. * * * It is familiar law that a party may have an action for breach of duty, though he sustains no positive damage and there is no intention to do wrong. * * * This principle was applied to a case of fraud in Allaire v. Whitney, 1 Hill, 484. The court said: 'But, take it that a man fraudulently draws another into a contract to accept and pay for a chattel a month after; the vendee discovering the fraud on the next day, is it to be tolerated that he shall not have an action immediately? If he pay anything, even no more than a cent, in earnest, there would be no doubt. But actual damage is not necessary to an action. A violation of right, with a possibility of damage, forms the ground of the action. * * * The plaintiff, accordingly, had a complete cause of action on the 24th day of.March, 1854, when the purchase was completed. Any damage that subsequently followed was merely developed from the original wrong then committed, and was not a new cause of action.' "

The respondent seizes hold of the phrase "when the purchase was completed," and so cites this case as an authority in his favor. But this being a transaction involving real estate was required to be in writing, and so the bargain or contract was completed by the written conveyance.

In the case at bar the sale was completed when the contract was made. Reciprocal rights then became fixed. It made no difference that a subsequent part payment was to.be made or that certificates were to be delivered. The contract had been made. Either party would have been entitled to sue upon a breach by the other. It was the value of this contract which the plaintiff was entitled to. It was this contract which had been made upon reliance upon the false and

fraudulent representations alleged, and it was the damage, caused to the plaintiff by the subject-matter of this contract not being as represented, for which he sues.

In Miller v. Wood, 116 N. Y. 351, 22 N. E. 553, the court said:

"The defendants, by false and fraudulent representations, induced the plaintiff to purchase a mortgage which was without actual value. The sale was consummated on the 12th day of April, 1878. On the 23d day of September, 1885, a little over seven years after the purchase, the plaintiff commenced this action by means of which she sought to recover the amount of damages sustained by reason of the fraud practiced upon her by these defendants. The trial court rightly determined plaintiff's claim to have been barred by the statute of limitations prior to the commencement of this action. The cause of action accrued to plaintiff when the sale and transfer were completed, to wit, April 12, 1878."

Here again is a real estate transaction and required to be evidenced by a written instrument, and of course for purposes of litigation the execution and delivery of that instrument fixes the time.

In Isman v. Loring, 130 App. Div. 845, 115 N. Y. Supp. 933, the complaint alleged prior negotiations between the parties for the sale of real estate resulting in the execution and delivery of a contract in writing on January 26, 1906, which contract was induced by false representations made by the defendants. The action was to recover damages. Mr. Justice Ingraham said:

"It is clearly settled in this state that, when there has been fraud in procuring a contract, the injured party has at once upon the execution of the contract an action for the fraud, and that that action is barred by the statute of limitations six years after the actual execution of the contract. * * *"

The statute of limitations had run at the time of the commencement of this action, and being pleaded is a complete bar. The order appealed from should be reversed, with $10 costs and disbursements, and the motion of the defendants for judgment on the pleadings granted, with $10 costs. All concur.