(160 App. Div. 625)

### REUSENS v. GERARD et al.

(Supreme Court, Appellate Division, First Department. February 13, 1914.)

1. LIMITATION OF ACTIONS (§ 55*)—ACCRUAL—DECEIT.

    An action commenced on January 16, 1913, for damages for deceit, in that, in reliance upon defendant's prospectus, plaintiff on November 30, 1906, subscribed to shares of the capital stock of a development company, the last payment on which was made on May 9, 1907, was barred by the statute of limitations; but an action based on the purchase of such stock on October 1, 1907, in open market in reliance on such prospectus was not barred; the right of action having accrued at the date of the purchase and not when payment was made.

    [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 299–306; Dec. Dig. § 55.*]

2. PLEADING (§ 343*)—MOTION FOR JUDGMENT ON PLEADINGS—DENIAL.

    Where the petition set out two causes of action not separately stated or numbered, and there was no demurrer on the ground of improper joinder of actions, and where one of such causes of actions was not within the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

statute of limitations, a motion for judgment on the pleadings was properly denied.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1048–1051; Dec. Dig. § 343.*]

3. FRAUD (§ 41*)—PERSONS LIABLE—CONSPIRACY TO SELL STOCK—FALSE PROSPECTUS.

A complaint, alleging that the defendant fraudulently conspired to acquire certain property and mining claims and by means of a corporation, then or about to be formed, to dispose of such· property or claims and stock in such corporation, at prices greatly in excess of its real value by means of a fraudulent prospectus and false and fraudulent statements, representations, etc., and the execution of such means, etc., by fraudulently publishing a prospectus and distributing it to the investing public and to plaintiff, representing the stock as a safe and profitable investment, in reliance on which plaintiff in open market purchased such stock, stated a good cause of action for damages for deceit.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 36, 37; Dec. Dig. § 41.*]

Appeal from Special Term, New York County.

Action by Guillaume Reusens against Julian M. Gerard and William T. Harkness and others. From an order denying a motion for judgment on the pleadings, defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Bowers & Sands, of New York City (John M. Bowers, of New York City, of counsel; and Latham G. Reed, of New York City, on the brief), for appellants.

Baylis & Sanborn, of New York City (Frederick H. Sanborn, of New York City, of counsel), for respondent.

CLARKE, J. This is an action at law for damages for deceit similar to Ball v. Gerard, 146 N. Y. Supp. 81, argued at the same time and decided herewith.

[1]. The facts differ, in this: That the plaintiff alleges that on November 30, 1906, on sole and implicit reliance upon the statements contained in said prospectus, he subscribed to 5,000 shares of the capital stock of the Barnes King Development Company, agreeing to pay therefor at the rate of $4 per share, and paid therefor $20,000 as follows: $5,000 on the 21st day of December, 1906; $5,000 on February 6, 1907; and $10,000 on March 11, 1907; and $248.50 on May, 9, 1907. That continuing to rely solely upon the statements contained in said prospectus, and believing the same to be true, he was thereby induced to and did on or about October 1, 1907, purchase 2,500 further shares of said stock in the open market, paying therefor the sum of $2,781.25; and thereafter on or about July 8, 1909, temporary certificates therefor were issued to this plaintiff, who is now the owner and holder thereof.

Two separate transactions are here set up in one count. For the reasons stated in the opinion in the Ball Case we think that the statute of limitations has run against the cause of action based upon the subscription, the action having been commenced on the 16th of January,

1913, but so far as the cause of action based upon the purchase in the open market on October 1, 1907, it is equally clear that the statute has not run.

[2] Therefore, as the causes of action are not separately stated and numbered, and as no demurrer has been interposed upon the ground of improper joinder of actions, and as there is a cause of action not within the statute, the order denying a motion for judgment on the pleadings was correct and should be affirmed if the cause of action as alleged for the purchase in the open market is good.

· [3] As to that the complaint alleges that the defendant and other persons entered into a wrongful and fraudulent conspiracy to acquire control of certain property and mining claims and acting through or by means of a corporation then formed or about to be formed·to dispose of said property or claims and the stock of such corporation to the investing public, including this plaintiff, at prices greatly in excess of its real or intrinsic value, and by means of false and .fraudulent prospectus, statements, representations, and other false and fraudulent means and devices. And in pursuance of said conspiracy the defendants thereafter committed and performed the following acts set forth in articles hereof numbered "third," "fourth," "fifth," "sixth," and "seventh."

The complaint alleges that the defendants fraudulently caused to be prepared, published, delivered, and generally distributed a prospectus, of which a copy was annexed, and fraudulently caused to be delivered to plaintiff a copy of said prospectus for the purpose of inducing the investing public in general, and all persons into whose hands such prospectus should come, including the plaintiff, in reliance upon the statements contained therein, to invest in the shares of stock of the said the Barnes King Development Company in the manner hereinafter described, and to persuade said public and this plaintiff that the shares of said company would prove a safe and highly remunerative investment, and therein and thereby fraudulently stated and represented among other things and matters as follows: (Setting forth the alleged fraudulent statement of facts.) Then follows the allegation of the subscription to the stock and sole and implicit reliance on the representations set forth and the purchase in the market continuing to rely solely upon said statements, and allegations of falsity, scienter, and damage.

· The claim is made that no cause of action is made out for the purchase in the open market. I am of the opinion that a cause of action is sufficiently alleged. In Ottinger v. Bennett, 144 App. Div. 525, 129 N. Y. Supp. 819, reversed in 203 N. Y. 554, 96 N. E. 1123, on the dissenting opinon of Mr. Justice Miller, the action was brought by a purchaser of stock for damages upon the ground of false representations; the representations being the declaration of dividends which the complaint alleged to have been paid out of capital and not out of profits with intent to deceive the public and induce the public to purchase shares. Mr. Justice Miller said:

...."The action is for fraud and deceit in inducing the plaintiffs to purchase shares of the capital stock of the American Ice Company. * * * It is

familiar law that a fraudulent representation may be effected by conduct, by acts as well as by words, by silence when there is a duty to speak, by half-truths calculated to mislead, or by reckless statements made without knowledge. (Citing cases.) It is equally well settled that the representation need not be made directly to the party injured by it (Brackett v. Griswold, 112 N. Y. 454, 20 N. E. 376), and that one who is induced to enter into a contract by the false representations of a third party may have a right of action against the latter for the wrong (Kujek v. Goldman, 150 N. Y. 176, 44 N. E. 773, 34 L. R. A. 156, 55 Am. St. Rep. 670). * * * Tested by the application of those principles, the complaint in the case at bar alleges all the essentials of an action for fraud and deceit, i. e., a representation by acts for the public, and therefore for the plaintiffs, to act upon, falsity, scienter, deception, and injury. A declaration of a dividend by a going concern implies earnings from which to pay it, and the publication of the fact of such declaration is certainly calculated to induce the public to believe that the dividend has been earned and that the corporation is prosperous. If, intending the public to act thereon, the defendants had made and published a report expressly stating that the dividend declared had been earned, there would be no doubt of their liability to a person thereby deceived to his injury. The familiar cases of false prospectuses need not be cited."

If the declaration and payment of a false dividend upon the faith of which the purchaser bought stock in the open market was sufficient to support an action for deceit against the directors who knowingly declared the false dividend, it clearly follows that the allegations in the complaint at bar are sufficient to support the action upon the purchase in the open market alleged to have been on reliance upon the false and fraudulent representations of the prospectus delivered to the plaintiff and issued to him and to the general public for the purpose of inducing the investing public in general and all persons into whose hands such prospectus should come, including the plaintiff, in reliance upon the statements contained therein, to invest in the shares of stock of the said company and to persuade said public and this plaintiff that the shares of said company would prove a safe and highly remunerative investment. Therefore, as the plea of the statute does not reach the entire cause or causes of action set up in the complaint, the order appealed from denying defendant's motion for judgment on the pleadings was right and should be affirmed, with $10 costs and disbursements to the respondent. All concur.