## AMERICAN INDEMNITY CO. v. ERNST & ERNST.

### No. 1887.

Court of Civil Appeals of Texas. Waco.

May 27, 1937.

Rehearing Denied June 24, 1937.

764

Nat Harris and Mabel Grey Howell, both of Waco, for appellant.

Crane & Crane and Geo. S. Wright, all of Dallas, for appellee.

ALEXANDER, Justice.

This appeal challenges the correctness of the ruling of the trial court in sustaining a plea of limitation to the cause of action as alleged by plaintiff. The American Indemnity Company sued Ernst & Ernst, a copartnership, and alleged in substance that during the fiscal year, ending August, 1926, O. P. Arrington was the tax assessor and collector of the Mexia Independent School District, and the plaintiff was the surety on his bond as such; that the Mexia Independent School District employed Ernst & Ernst, auditors, to audit Arrington's books for said year and said auditors negligently reported to the school district that Arrington's books for said year were in all things correct and that all moneys that had come into his hands as such collector had been accounted for, whereas, in fact, said Arrington had embezzled more than $5,000 of the funds belonging to said school district during said year; that said school district applied to the plaintiff for a certificate renewing Arrington's bond for another year and the bonding company, as a prerequisite to the renewal of said bond, required the school district to certify that Arrington's books for the preceding year had been audited and found correct and that he had accounted for all funds that had come into his hands during said year; that on the faith of the audit made by Ernst & Ernst said school district, through its board of trustees, made the certificate required by the bonding company, and as a result the bonding company was induced to renew Arrington's bond for another year; that during the subsequent year Arrington embezzled funds of the school district in the sum of $6,785.25, which latter amount of money the bonding company, at the end of a lawsuit [see American Indemnity Company v. Mexia Independent School District (Tex.Civ.App.) 47 S.W.(2d) 682], was required to repay to the school district as surety for Arrington. It was alleged that at the time Ernst & Ernst entered into the contract to audit said books and at the time the report of the audit was made to the school district, it was known by said auditors that the school district would furnish the results thereof to the bonding company for the purpose of inducing the bonding company to renew Arrington's bond for another year and that said bonding company would act and rely thereon and would thereby be caused to renew said bond. It was further alleged that the bonding company did actually rely on the representations contained in the report of said auditors and was induced to execute a renewal of said bond in reliance thereon and as a consequence a fraud was perpetrated on it by said auditors. It was alleged that the bonding company did not have notice of the embezzlements and de-

falcations on the part of Arrington until September, 1929; that suit was brought by the school district against Arrington and the bonding company for the shortage caused by said embezzlements and final judgment was not entered therein until October, 1932, and the bonding company did not pay off said judgment covering the money so embezzled by Arrington until November, 1932. This suit was brought September 18, 1934. The trial court sustained an exception raising a plea of limitation to the cause of action as alleged and then dismissed the suit because of the failure of the petition to allege a cause of action. The plaintiff appealed.

■ We think it apparent that plaintiff's cause of action, if any, against Ernst & Ernst does not arise by virtue of the contract between Mexia Independent School District and Ernst & Ernst, by which the latter was employed to audit the books of the tax collector, because the bonding company was not a party to the contract and the contract was not made for its benefit, and, therefore, there is no privity of contract between them. Equitable Bldg. & Loan Ass'n v. Bank of Commerce, 118 Tenn. 678, 102 S.W. 901, 12 L.R.A.(N.S.) 449, see note, 454, 12 Ann. Cas. 407. However, it has been held that where a party makes a false representation to another with the intent or knowledge that it should be exhibited or repeated to a third party for the purpose of deceiving him, the third party, if so deceived to his injury, can maintain an action in tort against the party making the false statement for the damages resulting from the fraud. 20 Tex.Jur. 103; 12 R.C.L. 326; 26 C.J. 1121, 1162; Gainesville National Bank v. Bamberger, 77 Tex. 48, 13 S.W. 959, 19 Am.St.Rep. 738; Katzenstein v. Reid, Murdock & Co., 41 Tex.Civ. App. 106, 91 S.W. 360. Therefore, plaintiff's cause of action, if any, is one sounding in tort.

■ Since the action is in tort for the damages resulting from the fraud, it is governed by the two-year statute of limitation. R.S. art. 5526, subd. 4; 28 Tex. Jur. 124; Gordon v. Rhodes & Daniel, 102 Tex. 300, 116 S.W. 40. Ordinarily, limitation begins to run against an action for damages for fraud when the fraud is perpetrated, or, if the fraud is concealed, from the time it is discovered or could have been discovered by the exercise of reasonable diligence. 28 Tex.Jur. 125, 153;

37 C.J. 883; Glenn v. Steele (Tex.Sup.) 61 S.W.(2d) 810. The fraud out of which this cause of action arose was perpetrated and the plaintiff was caused to act thereon to its injury in 1927. Plaintiff alleged that it discovered the fraud in September, 1929, which was five years prior to the filing of this suit in September, 1934, and therefore the suit was barred by both the two and four-year statutes of limitation (articles 5526, 5529), regardless of whether the time began to run from the date the fraud was perpetrated or from the date of its discovery. In this connection, the plaintiff contends that the full amount of its damages could not be ascertained, and in fact it was not damaged at all, until the claim of the school district had been reduced to final judgment and the judgment paid by the bonding company, and since this occurred less than two years prior to the filing of this suit, the cause of action was not barred by limitation. We cannot sustain this view. The defendant's conduct, if any, in falsely inducing plaintiff to renew Arrington's bond constituted a violation of the plaintiff's rights and its cause of action therefore arose immediately or upon discovery of the fraud, even though the full amount of damages that would result therefrom could not then be ascertained, and even though the plaintiff was not required to pay the claim of the school district for the liability thus assumed under the bond until a later date. The rule is stated in Houston WaterWorks v. Kennedy, 70 Tex. 233, 236, 8 S.W. 36, 37, as follows: "If, however, the act of which the injury was the natural sequence was a legal injury,—by which is meant an injury giving cause of action by reason of its being an invasion of a plaintiff's right,—then, be the damage however slight, limitation will run from the time the wrongful act was committed, and will bar an action for any damages resulting from the act, although these may not have been fully developed until within a period less than necessary to complete the bar." The rule is stated in 17 R.C.L. 763, § 129, as follows: "While it is generally true that no man has a right of action against a wrongdoer unless he is personally injured, yet in the case of every violation of the rights of a particular individual, the law ordinarily implies damage, for which a right of action accrues though the damage be but nominal. Therefore, as a general rule, where an injury, though slight, is sustained in conse-

quence of the wrongful or negligent act of another and the law affords a remedy therefor, the statute of limitations attaches at once. It is not material that all the damages resulting from the act should have been sustained at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date. The act itself is regarded as the ground of the action and is not legally severable from its consequences." See also, 37 C. J. 883, 936, § 304; Reusens v. Gerard, 160 App. Div. 625, 146 N.Y.S. 86, affirmed DeRidder v. Gerard, 221 N.Y. 665, 117 N.E. 1065; Ball v. Gerard, 160 App.Div. 619, 146 N.Y.S. 81, affirmed 221 N.Y. 665, 117 N. E. 1060; First National Bank of Ovid v. Steel, 146 Mich. 308, 109 N.W. 423; Thayer v. Kansas Loan. & Trust Co. (C.C.A.) 100 F. 901; Russell & Co. v. Polk County Abstract Co., 87 Iowa, 233, 54 N.W. 212, 43 Am.St.Rep. 381; Aachen & Munich Fire Ins. Co. v. Morton (C.C.A.) 156 F. 654, 15 L.R.A.(N.S.) 156, and note, 13 Ann. Cas. 692; Kerns v. Schoonmaker, 4 Ohio, 331, 22 Am. Dec. 757; Woodland Oil Co. v. A. M. Byers & Co., 233 Pa. 241, 72 A. 518, 132 Am.St.Rep. 737; Northrup v. Hill, 57 N.Y. 351, 15 Am.R. 501; Goodman v. Columbia Trust Co. (Sup.) 167 N.Y.S. 643.

For the reasons above stated, we think the trial court properly sustained the plea of limitation to the cause of action.

The judgment of the trial court is therefore affirmed.