**BLONDEAU v. SOMMER.**

No. 10949.

Court of Civil Appeals of Texas. Galveston.
April 4, 1940.

Rehearing Denied April 25, 1940.

224

Emmet Alpha, Jr., of Houston, and A. W. Hodde, of Brenham, for appellant.

Rosser Thomas, of Houston, and Julian E. Weisler, of Brenham, for appellee.

MONTEITH, Chief Justice.

This is an appeal in an action brought by appellant, Mrs. Evelyn Blondeau, joined pro forma by her husband, Earl Blondeau, as independent executrix and sole devisee under the will of her deceased mother, against appellee, John Sommer, to recover the sum of $10,000, with interest and attorney's fees, alleged to have been lost through the negligence, fraud, and misrepresentation of appellee.

Appellant alleged that the appellee was a brother of her deceased mother, Mrs. Bertha Summers, who died on March 2, 1935; that her mother was unable to read or write the English language, and that for many years prior to her death she had permitted appellee to manage her business affairs; that on February 4, 1928, while acting as the agent of his said sister, he had loaned $10,000 of her money to one R. E. Pennington and had accepted from Pennington his promissory note in said sum, payable to Mrs. Summers; that as security for said loan he had accepted from Pennington a note for the sum of $22,240, payable to Pennington and secured by a vendor's lien on 3829 acres of land in Webb County, Texas; that the lien securing said note was second and inferior to a then existing original vendor's lien on said land; that on June 6, 1933, appellee accepted a renewal note from Pennington in the sum of $11,200, representing the unpaid principal and interest on said loan at that time, to which was attached the original security; that such renewal note was not paid by Pennington and resulted in a total loss of said loan by reason of the fact that the note given as collateral security was worthless. Appellant alleged that said loss was caused by the negligence of appellee in making and securing said loan, and fraud on the part of appellee and Pennington.

Appellee answered by general denial and by plea of limitation, both by exception and by special answer. He specially pled that the loan to Pennington was made by Mrs. Summers upon her faith and belief in Pennington's financial ability; that he was solvent at the time said loan was made, and that he, appellee, signed his name and Mrs. Summers' name to the check of $10,000, payable to Pennington, at her request and by her direction.

In answer to special issues submitted, the jury found that R. E. Pennington was solvent at the time said loan was made to him and that appellee obtained security from him which appeared at the time reasonably proper and adequate. Based upon this verdict the court rendered judgment in favor of appellee.

While appellant has brought forward numerous assignments of error, as we view the record the question of limitation presented by appellee by cross-assignment

raises the controlling question in the case and renders the remaining assignments immaterial.

The alleged acts of negligence complained of by appellant upon which she bases her claim for recovery transpired in February, 1928, on the occasion of the execution of said note by Pennington and the delivery to him by appellee of the check for $10,000. This suit was filed on May 18, 1935. A careful examination of the record fails to disclose any representation made to Mrs. Bertha Summers by appellee with respect to said loan or that any fact known to appellee in connection therewith was concealed from or not disclosed to her by him, and there is no showing in the record that Mrs. Summers was not familiar with all facts connected with said transaction. It is uncontroverted that the Pennington note and the collateral note by which it was secured were deposited by appellee in the safety deposit box maintained by Mrs. Summers at her bank immediately after the execution of said note. There is no record of any further connection by appellee with said note or security until June, 1933, when said renewal note was executed by Pennington.

The only issues submitted to the jury were those as to the solvency of Pennington and as to whether the security obtained by appellee was reasonably adequate and proper. No issues on the questions of fraud, misrepresentation or concealment were requested by appellant.

Since this is an action in tort for damages resulting from alleged acts of negligence and fraud on the part of appellee, it is governed by the two-year statute of limitation, R.S. Article 5526, Subd. 4, which provides that all actions for debt, where the indebtedness is not evidenced by a contract in writing, shall be commenced and prosecuted within two years after the cause of action shall have accrued.

As a general rule the statute of limitation commences to run on an action for tort from the time the duty owing to the plaintiff was breached by the wrongful or negligent act of the defendant, even though in some cases the plaintiff is ignorant of the existence of his cause of action, or although damage was not sustained until after the commission of the tort. In negligence cases the statute runs from the time of the negligent act or omission. 28 Tex.Jur., 182, § 90. In an action for damages for fraud limitation begins to run when the fraud is perpetrated, or, if the fraud is concealed, from the time it is discovered or could have been discovered by the exercise of reasonable diligence. 28 Tex.Jur., 124, 125, 153; American Indemnity Co. v. Ernst & Ernst, Tex.Civ. App., 106 S.W.2d 763; Gordon v. Rhodes & Daniel, 102 Tex. 300, 116 S.W. 40; Tuerpe et al. v. Saunders Live Stock Commission Co. et al., Tex.Civ.App., 259 S.W. 649.

It is stated by the Supreme Court in the case of Houston Waterworks Co. v. John Kennedy, 70 Tex. 233, 8 S.W. 36, 37, that: "If, however, the act of which the injury was the natural sequence was a legal injury,—by which is meant an injury giving cause of action by reason of its being an invasion of a plaintiff's right,—then, be the damage however slight, limitation will run from the time the wrongful act was committed, and will bar an action for any damages resulting from the act, although these may not have been fully developed until within a period less than necessary to complete the bar."

The rule is stated in 17 R.C.L., 763, § 129, that " * * * where an injury, though slight, is sustained in consequence of the wrongful or negligent act of another and the law affords a remedy therefor, the statute of limitations attaches at once. It is not material that all of the damages resulting from the act should have been sustained at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date. The act itself is regarded as the ground of the action and is not legally severable from its consequences." See also American Indemnity Co. v. Ernst & Ernst, supra, and cases therein cited.

In the absence of a showing of fraud or proof that any facts were concealed from or not disclosed to Mrs. Bertha Summers by appellee, this cause having been filed more than seven years after the alleged commission of the acts complained of by appellant, it is clearly barred by limitation. The judgment of the trial court is therefore affirmed.

Affirmed.