## WICHITA NAT. BANK v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 14161.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 10, 1941.

Rehearing Denied Feb. 7, 1941.

Edgar M. Mann, of Wichita Falls, for plaintiff in error.

Malone, Lipscomb, White & Seay and Eric Eades, Jr., all of Dallas, for defendant in error.

McDONALD, Chief Justice.

W. W. McReynolds, under appointment by the County Court of Wichita County, served as guardian of three minors, Dora Dean, Nellie Frank and James Carver, from June 29, 1932, until he was removed on May 29, 1939. Appellee, United States Fidelity & Guaranty Company, was surety on his guardian's bond. On August 8, 1932, the guardian deposited $1,000, belonging to the minors' estate, in the Wichita State Bank & Trust Company, which bank was succeeded by the appellant, Wichita National Bank of Wichita Falls, which took over the assets and assumed the liabilities of the first-named institution. Under date of September 6, 1932, the Wichita State Bank & Trust Company entered into a written agreement with the guardian and the appellee, providing that all guardianship funds were to be deposited in such bank, and that all checks drawn by the guardian should, before being honored by the bank, be countersigned by the appellee bonding company. At the time this countersignature agreement was made, the amount on deposit was $640.80, all of which was checked out by June 27, 1934. On May 3, 1935, the guardian made a deposit of $303.51, which was checked out by March 7, 1936.

Between May 6, 1935, and February 29, 1936, the guardian drew the twenty-eight checks involved in this suit, aggregating $295.68, none of which was countersigned by appellee, and all of which were paid out of the May 3, 1935, deposit of $303.51. The guardian's final account was contested, and all of the checks just mentioned, as well as other items of the final account, totalling altogether $765.95, were disallowed by the County Court. Two of the minors, having attained their majority, settled their respective claims against the surety for $180 each, before the County Court had passed on the final account and the contest of it. The guardian and his surety were ordered to pay over $255.31 to the newly appointed guardian of the remaining minor. The surety, the appellee, paid over this $255.31, plus the amount of $360 paid in settlement to the two minors who had attained their majority, making a total of $615.31. These claims were paid by appellee in July of 1939, and on August 1, 1939, appellee filed this suit against the appellant, to recover $295.68, the amount of the checks which were not countersigned and which were disallowed in the hearing on the final account.

The appellant presented pleas under the two and four year statutes of limitations, and a plea of want of consideration.

Trial before the court, without a jury, resulted in a judgment in favor of the surety against the bank, for $229.44, the trial court having reduced the recovery in the proportion of the saving effected by the surety in making the compromise settlements of the claims of the two minors who had become of age.

The appeal is upon an agreed statement of facts, from which it appears that $120.35 of the checks were cashed more than four years before the suit was filed.

Appellant assigns as error the overruling of his pleas of limitation and want of consideration.

By cross-assignments of error the appellee complains of the action of the trial court in reducing the amount of the recovery from $295.68 to $229.44.

The appellant bank contends that limitation began to run with the cashing of each check which was not countersigned. The appellee surety company contends that limitation did not begin to run until it had paid the money to the minors.

The only wrong charged against the bank in the plaintiff's petition was the breach of the countersignature agreement, to-wit, cashing the checks which were not countersigned.

It was then that the breach of the contract occurred.

■ "A cause of action arising out of contractual relations between the parties accrues as soon as the contract or agreement is breached." 1 Corpus Juris Secundum, Actions, p. 1387, § 124, subd. b.

■ The fact that the surety might not have known, at the time, about the checks being cashed, would not prevent the running of the statute. Houston Water Works v. Kennedy, 70 Tex. 233, 8 S.W. 36. Nor would the fact that the surety might not then be able to determine the amount of damages it might eventually suffer. Quinn v. Press, Tex.Sup., 140 S.W.2d 438, 128 A.L.R. 757; Smith v. Fairbanks, Morse & Company, 101 Tex. 24, 102 S.W. 908.

■ The order of the County Court disallowing the items in the guardian's final account was only a determination of liability which had existed since the cashing of the checks, and the date of it is not controlling on the question of limitations. Kauffman v. Wolf, 77 Tex. 250, 13 S.W. 987; American Indemnity Co. v. Ernst & Ernst, Tex.Civ.App., 106 S.W.2d 763.

■ The surety was not without remedy to protect itself when the wrongful payment of the checks began, even though it had not yet actually paid out any money. It could have resorted to injunction or other appropriate remedy to prevent the misapplication of the guardianship funds, and could have compelled restoration of any already paid out. City of Bonham v. Taylor, 81 Tex. 59, 16 S.W. 555.

In American Indemnity Co. v. Ernst & Ernst, 106 S.W.2d 763, 765, by the Waco Court of Civil Appeals, writ of error refused by the Supreme Court, the appellant, surety on the bond of a tax collector, brought suit against the auditing firm of Ernst & Ernst. It alleged that it executed the collector's bond in reliance upon the report of the auditing firm that the collector's books for the prior year were in order, and that later it had to pay off a judgment covering money embezzled by the tax collector. The question was whether limitation began to run at the time the auditing firm furnished the false report to the surety company, or when the surety company paid off the judgment covering the shortage. The Court of Civil Appeals, speaking through Justice Alexander, held

that limitation began to run when the fraud was perpetrated, or at least when it was discovered. The opinion is, in part, as follows: "In this connection, the plaintiff contends that the full amount of its damages could not be ascertained, and in fact it was not damaged at all, until the claim of the school district had been reduced to final judgment and the judgment paid by the bonding company, and since this occurred less than two years prior to the filing of this suit, the cause of action was not barred by limitation. We cannot sustain this view. The defendant's conduct, if any, in falsely inducing plaintiff to renew Arrington's bond constituted a violation of the plaintiff's rights and its cause of action therefore arose immediately or upon discovery of the fraud, even though the full amount of damages that would result therefrom could not then be ascertained, and even though the plaintiff was not required to pay the claim of the school district for the liability thus assumed under the bond until a later date."

On appeal the appellant appears to have abandoned its plea under the two year statute, the suit being based upon breach of a written contract.

We therefore conclude that $120.35 of appellee's claim is barred by the four year statute of limitation. Vernon's Ann.Civ. St. art. 5527.

■ Appellant also pleads want of consideration, seemingly upon the theory that the guardian had already deposited the guardianship funds when the countersignature agreement was made. But the checks involved in this suit were all cashed out of a deposit made after the countersignature agreement was made. In a case similar to the case on appeal, it was held by the Eastland Court of Civil Appeals that the keeping of the funds by the bank and the use thereof constituted a sufficient consideration for such a countersignature agreement. Abilene State Bank v. United States Fidelity & Guaranty Co., Tex.Civ.App., 37 S.W.2d 815. In its brief, appellant attempts to distinguish the case just mentioned from that on appeal by contending that the money was deposited in the bank in the Abilene State Bank case after the countersignature was made, and in the case on appeal before the countersignature agreement was made. While we believe that the rule would be the same in both cases, we point out that in the case on appeal the checks involved in this suit

were all paid out of a deposit made after the execution of the countersignature agreement.

We are not able to find any legal basis to support the action of the trial court in reducing the amount of the recovery because the surety made a compromise settlement with two of the minors for less than the amount later found to be due them. No claim for such a reduction is presented in the defendant's pleadings, nor is any authority for it cited in its brief.

We are of opinion that the plea of limitation under the four year statute should have been sustained, as to $120.35 of the amount sued for; that the plea of want of consideration was properly overruled; that the trial court erred in deducting from the amount of the judgment the sum of $66.24, the proportionate part of the saving effected by the compromise settlements; and that therefore the judgment of the trial court should be reformed so as to allow judgment in favor of appellee for $175.33, being the amount sued for less the $120.35 barred by the four year statute of limitations.

Each of the parties having obtained some relief in this court, it is ordered that the costs of this appeal be taxed equally against the parties.

Reformed, and as reformed, affirmed.