[No. 16432.  Department Two.  September 22, 1921.]

ALFRED E. SHAW, *Appellant*, v. ROGERS & ROGERS,
*Respondent*.[1]

LIMITATION OF ACTIONS (17-1)—APPLICABLE TO PARTICULAR ACTIONS—BREACH OF IMPLIED CONTRACT. The cause of action against an insurance agent for failure to write insurance for an applicant in a solvent company arises at the time of writing the insurance, and not at the time damages accrue from a fire loss; hence the action is barred under Rem. Code, § 159, if not instituted within three years after placing the insurance in an insolvent company.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered January 19, 1921, in favor of the defendant, dismissing an action for damages, upon sustaining an objection to the introduction of testimony. Affirmed.

*F. A. McMaster*, for appellant.

*E. Eugene Davis* and *Hurn & Hurn*, for respondent.

MAIN, J.—Plaintiff brought this action for damages sustained because the defendant company had failed to write fire insurance in a solvent company. The defendant, in its answer, pleaded affirmatively the statute of limitations. The cause came on for trial before the court and a jury, and after the first witness had been sworn, the defendant objected to the introduction of any testimony because, under the admitted facts, the action was barred by the statute of limitations. This objection was sustained, and a judgment entered dismissing the action. The plaintiff appeals.

The facts necessary to present the question for determination may be stated as follows: The respondent, Rogers & Rogers, a corporation, in the year 1915, was engaged in the insurance business in Spokane.

[1]Reported in 200 Pac. 1090.

On August 26 of that year, the appellant applied to it for insurance covering his hotel building at St. Maries, Idaho. The selection of the company in which to write the insurance was left to the respondent. Among the policies written was one for $750, in the Anglo-American Fire Insurance Company of Toronto, Canada. On February 5, 1916, the hotel building was totally destroyed by fire, and on February 22 of the same year, the insurance company mentioned was placed in the hands of a receiver at Toronto, Canada. The Anglo-American Fire Insurance Company was not licensed to write insurance in either the state of Washington or the state of Idaho, and the respondent was not its legal agent in either state, which fact was not known to the appellant. This action was commenced on the fourth day of January, 1919, and, as above stated, the appellant is seeking to recover damages because of the failure of the respondent corporation to write the insurance above mentioned in a solvent company.

The controlling question is whether the action was begun within the time limited by law. This is not an action for fraud and deceit, but an action for the breach of duty on the part of the insurance agent in failing to write the insurance in a solvent company. Under § 159 of Rem. Code (P. C. § 8166), it was necessary that the action be begun within three years from the time it arose. From the facts stated, if the cause of action arose immediately upon the failure of the respondent to write the insurance in a solvent company, the action is barred by the statute, as more than three years had lapsed between that time and the time when the action was begun. In *Cornell v. Edson,* 78 Wash. 662, 139 Pac. 602, 51 L. R. A. (N. S.) 279, it was held that the action for damages against an attorney for wrongfully dismissing an action and concealing the fact was not an action for relief on the ground of

fraud but one for breach of duty, and accrued when the act occurred. It was there said:

"The action is plainly one based upon a breach of duty growing out of the relation existing between the parties, a contractual relation which calls for a full disclosure; and when, by reason of the failure to make a full and complete disclosure, or the withholding or concealment of facts which should have been disclosed, loss is suffered, there is a breach of duty, and for such breach an action will lie. But like any other action founded upon a breach of duty imposed either by law or contract, the action arises out of the breach, and the statute of limitations begins to run from the time of the breach and not from the time of its discovery." (page 664.)

Applying the doctrine of that case to the facts in the present case, the breach of duty occurred when the respondent corporation failed to write the insurance in a solvent company, and not when the damages arising from the fire accrued. It is true that the amount of damages which could have been recovered had the action been brought immediately upon the breach of the duty, and the amount which was susceptible of the recovery after the fire were different, but it is not material that all the damages resulting from the act should not have been sustained at the time the breach of duty occurred, and the running of the statute is not postponed by the fact that actual or substantial damages do not occur until a later date. In 17 R. C. L. 764, the rule is stated in the following language:

"It is not material that all the damages resulting from the act should have been sustained at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date. The act itself is regarded as the ground of the action and is not legally severable from its consequences. The statute then

begins to run, and not from the time of the damages or discovery of the injury. And it is immaterial whether the conduct out of which the cause of action arises is the breach of an implied contract or the affirmative disregard of some positive duty. In either case, the liability arises immediately on the breach or disregard of duty, and an action to recover the damages, which are the measure of such liability, may be immediately maintained. . ."

The action not having been begun within the time limited by law, the holding of the trial court was correct and the judgment will be affirmed.

PARKER, C. J., MITCHELL, FULLERTON, and TOLMAN, JJ., concur.