**BARREDA v. ELDRIDGE. (No. 467–3694.)**

(Commission of Appeals of Texas, Section A. Oct. 17, 1923.)

Fraud ⬳59(1) — Damage to purchaser defrauded by grantor's resale is value of land at time of resale with interest.

Where the grantor of land, after releasing his lien, sold the second time to an innocent purchaser, the first purchaser's grantee not having recorded his deed, his liability to such grantee is for the value of the land at the time it was sold to the second purchaser, with six per cent. interest.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by W. S. Eldridge against C. P. Barreda. A judgment for defendant was reversed by the Court of Civil Appeals (233 S. W. 319), and plaintiff brings error. Judgment reformed and affirmed.

Seabury, George & Taylor, of Brennsville, for plaintiff in error.

J. M. Mothershead, of Fort Worth, for defendant in error.

BISHOP, J. On February 12, 1912, the plaintiff in error owned, and by warranty deed conveyed to Samuel Spears, in trust for Mrs. Meta Wedegartner, 1,000 acres of land situated in Cameron county, Tex., in consideration of three notes executed by said Spears for $11,000 each, due in one, two, and three years respectively, retaining vendor's lien on said land. This deed contained the following recital:

"I will execute, acknowledge, and deliver a release of the lien retained on the above-described land upon sale of any part thereof and as to the parts sold, in parcels of 20 acres or more, upon payment to me of $35 per acre."

Spear conveyed the land to Mrs. Wedegartner by deed of date of May 9, 1912, she assuming the payment of said notes. These deeds were duly placed of record. On May 25, 1912, Mrs. Wedegartner conveyed to defendant in error, W. S. Eldridge, 39.6 acres out of the 1,000 acres known as lot No. 2. Plaintiff in error, by his release duly executed on August 26, 1912, released his vendor's lien on the 39.6 acres in consideration of $1,367.10 paid to him.

Thereafter, on March 23, 1914, plaintiff in error instituted a suit in the district court of Cameron county, Tex., on said $11,000 notes and to foreclose his vendor's lien on said 1,000 acres of land, against said Samuel Spears and others, to which defendant in error was not a party, and judgment was on the 9th day of December, 1914, by said court entered in his favor on said notes, foreclosing his lien, and he became the purchaser under foreclosure sale as shown by sheriff's

deed of date September 9, 1916. Defendant in error placed neither his deed nor release on record, but paid the full consideration of his purchase of said land. On February 15, 1919, plaintiff in error, though he knew the land had been sold to defendant in error, and he had released the vendor's lien on same, sold and conveyed same to F. H. Handley, who bought without knowledge of the prior conveyance to defendant in error, and was an innocent purchaser for value.

Defendant in error filed suit against plaintiff in error in the district court for damages sustained by reason of his fraudulent action in selling this land to F. H. Handley, same having been previously sold, and vendor's lien having been released, to defendant in error by him, alleging that he had failed to record his deed of conveyance, and was prevented from recovering the land because F. H. Handley was an innocent purchaser.

Plaintiff in error answered by general demurrer and general denial. The district court rendered judgment in favor of plaintiff in error, and defendant in error appealed to the Court of Civil Appeals, resulting in the judgment of the trial court being reversed and the cause remanded, with instructions that the district court take no action other than to ascertain the market value of the land at the time it was sold to defendant in error, and to render judgment for such amount with 6 per cent. interest thereon per annum and costs. 233 S. W. 319.

In the petition for writ of error it is claimed that the Court of Civil Appeals erred in holding that the measure of damages is the value of the land at the time it was conveyed to defendant in error; that the correct measure is the value of the land at the time it was conveyed to F. H. Handley, with 6 per cent. interest per annum from that date; and that in so holding the Court of Civil Appeals held differently from its own decision in the case of Mitchell v. Simons, 53 S. W. 76. We are of opinion that the assignment should be sustained. Defendant in error was not disturbed in his title or possession until he was divested of title by reason of the wrongful act of plaintiff in error in conveying his land to F. H. Handley; who, by reason of being an innocent purchaser, acquired title and the right of possession as against him. His actual damage is the value of the land at that time with 6 per cent. interest per annum. Phillips v. Herndon, 78 Tex. 378, 14 S. W. 857, 22 Am. St. Rep. 59.

We have concluded that the Court of Civil Appeals has correctly decided all other assignments contained in the petition for writ of error. We therefore recommend that the judgment of the Court of Civil Appeals be reformed, in so far as it directs that the district court ascertain the market value of the land at the time of the sale to defendant in error, and that the trial court be directed to take no action further than to ascertain the market value of the land at the time it was sold to F. H. Handley, and to render judgment for that amount with 6 per cent. interest per annum and costs, and, as so reformed, the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reformed, and as reformed is affirmed in accordance with the recommendation of the Commission of Appeals.

---

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

