J. G. QUINN v. MARY PRESS ET VIR.

No. 7483. Decided May 22, 1940.
(140 S. W., 2d Series, 438.)

*Ray Bland* and *Kilgore & Rogers,* of Wichita Falls, for plaintiff in error.

Limitation begins to run against an action for fraud when the fraud is discovered and does not await the ascertainment of damages. Since the jury found that the plaintiff discovered the true facts more than two years before filing her suit, her right of recover was barred by the two years statute of limitation even though the extent of her actual damages, if any, was not known until a subsequent date. Thayer v. Kansas Loan & Ins. Co., 100 Fed. 901; Seibert v. Bergman, 91 Texas 411, 44 S. W. 63; Thomas v. Ellison, 102 Texas 354, 116 S. W., 1141.

*T. R. Boone, E. T. Duff* and *Kearby Perry,* all of Wichita Falls, for defendants in error.

Where a cause of action must necessarily depend upon a preliminary act the cause of action does not accrue until the preliminary act has been completed, and since no action for fraud can be maintained until damages accrue, limitation does not start to run until that damage has been ascertained. Hope v. Shirley, 187 S. W. 973; Gamble v. Martin, 129 S. W. 386; Cruse v. Shaw, 93 S. W. (2d) 541; 1 Tex. Jur. 626.

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

This suit was brought in the District Court of Wichita County by Mary Foley Press, joined pro forma by her husband, on October 14, 1935, against W. F. Davis and J. G. Quinn. The plaintiff alleged, in substance, that in June, 1930, at which time she was unmarried, she loaned $5,000 to defendant Davis, secured by a deed of trust upon certain properties described

in her petition, situated in Wichita County, and the amount of the loan being evidenced by two notes of $2,000 and $3,000, respectively, dated June 2, 1930, and due, respectively, June 2, 1932, and June 2, 1935, and providing for payment of interest at stated dates. The parties will be referred to as they appear in the trial court.

Plaintiff's suit was one of fraud against both J. G. Quinn and W. F. Davis, but for reasons hereinafter shown no further notice need be taken of plaintiff's suit against defendant Davis. With respect to defendant Quinn, plaintiff alleged that at the time she made the loan to Davis, she was defrauded by reason of Quinn's representations that the properties securing the loan were worth $20,000, when in truth such properties were valueless except as to one tract of land thereafter foreclosed on under the terms of the deed of trust by the plaintiff, and which was alleged to be of the value of $1,500. She alleged that altogether she realized $2,500 as a result of said loan by collections from the defendant Davis and by reason of such foreclosure, and she laid her damages in the amount of the unpaid portion of such loan,—namely, $2,500.

In the second or alternative count of plaintiff's petition she alleged that defendant Quinn was acting for her as her agent in the matters concerning such loan, and that he negligently failed to exercise due diligence to ascertain the value of the properties mortgaged, whereby she was damaged and defendant became liable to her in the said sum of $2,500.

The defendant Quinn generally and specifically denied the allegations in plaintiff's petition, and alleged that he assisted her with respect to the loan merely as a friend, and wholly without payment to himself. The defendant further pleaded that plaintiff's suit was barred by the two years' statute of limitation.

The case was submitted to the jury upon special issues, and the answers of the jury to two of these issues are determinative of this case; and they will be discussed later on in this opinion. The findings of the jury in response to other issues thought to be material were substantially as follows: That defendant Quinn did represent to plaintiff prior to the making of the loan that the collateral security to be placed on the loan was worth $20,000, and that such representations were untrue; that plaintiff in making said loan believed such representations and relied thereon; that plaintiff suffered damage by reason of not having collateral security to the value of $20,000 on said loan, and that the damage suffered by her was $2,500; that

the values of certain of the properties securing said loan, free of all debts, at the time the loan was made, were respectively as follows: (a) The W. F. Davis subdivision of a tract of land, $2,500; (b) Davis' interest in the property known as the Bernard Martin Filling Station, $2,500; (c) Davis' interest in the property known as the Williams-Dwyer Filling Station, $5,000; and that the other properties given to secure the loan were, at the date of the loan, valueless. The jury further found that defendant Quinn agreed to look after the securities for plaintiff for the loan in question prior to the time the loan was made; that he failed to use ordinary diligence in making an investigation relative to the value of such properties, and that had he used such diligence he could have ascertained their value prior to the time the loan was consummated.

Special issues 13 and 22, together with the answer of the jury thereto, are here copied in full.

"SPECIAL ISSUE NO. 13.

"When, do you find from a preponderance of the evidence, did the plaintiff Mary Foley (now Mary Press) discover the value of the properties hypothicated to her to secure the loan?

"Answer as you find the facts to be?

"Answer: 1932."

"SPECIAL ISSUE NO. 22.

"From a preponderance of the evidence was the plaintiff, Mary Foley, possessed of such information, prior to the 14th day of October, 1933, as would have incited an inquiry in the mind of an ordinarily prudent person to ascertain the status of the securities and the value of the securities which she held as collateral to the W. F. Davis loan?

"Answer: Yes."

Neither party objected to any issue submitted by the court to the jury, nor was any request made for the submission of additional issues. From the findings of the jury, and after motion for judgment by both plaintiff and defendants, the court denied plaintiff's motion and rendered judgment for both defendants. An appeal was perfected by the plaintiff from the judgment of the district court to the Court of Civil Appeals, and that court affirmed the judgment of the district court as to the defendant Davis, but reversed the judgment as to the defendant Quinn, and rendered judgment for plaintiff against said defendant in the sum of $2,500. (118 S. W. (2d) 982.) The case has been brought to this Court by the granting of defendant Quinn's application for a writ of error.

If the plaintiff's cause of action was barred by the two years' statute of limitation, then it necessarily follows that the judgment of the trial court was the only judgment that could have been rendered.

It was the basic contention of plaintiff in the Court of Civil Appeals, and in this Court, that notwithstanding plaintiff's cause of action was one sounding in fraud, yet under the facts of the case limitation did not begin to run against her until she had exhausted her remedy on the loan contract by the ultimate foreclosure of the deed of trust against the last remaining piece of property which secured the loan; and that inasmuch as such foreclosure did not take place until less than two years prior to the institution of the suit, plaintiff's cause of action was not barred by the two years' statute of limitation. That contention was sustained by the Court of Civil Appeals, and in so holding the court declined to follow previous decisions of this Court in the cases of Houston Water Works v. Kennedy, 70 Texas 233, 8 S. W. 136, and American Indemnity Co. v. Ernst & Ernst (Tex. Civ. App.), 106 S. W. (2d) 763, in which a writ of error was denied.

■ It is the settled law of this State that the two years' statute of limitation, namely, Article 5526, Revised Civil Statutes of 1925, is applicable to an action for damages based upon fraud and deceit. In such a case the cause of action accrues at the time the fraud is perpetrated, unless it is concealed or is not known to the injured party, but in any case the statute of limitation begins to run from the time the fraud is discovered, or could have been discovered by the defrauded party by the exercise of reasonable diligence.

■ The rule is not changed, as held by the Court of Civil Appeals, because the alleged injured party may not with certainty know at the time the fraud is committed, or at the time it is discovered, just how much, if any, in dollars and cents he has been damaged. To so hold would create an unauthorized exception to the statutes of limitation, and render the law uncertain in all cases of the nature of the present one. Here the plaintiff waited more than five years after the perpetration of the alleged fraud before bringing her suit, and this she alleged was necessary because she first must have foreclosed her deed of trust against the mortgaged property in order to determine with precision how much she was damaged by the fraudulent representations of the defendant. The fallacy of such a contention is at once apparent, for it will readily be seen that in any similar case of fraud, it could with as much legal propriety

be claimed that a delay of seven, eight, or even ten years must be extended to the defrauded party before the statutes of limitation would be put in operation against his cause of action, with the probable consequence of bringing into the case many conditions and circumstances not directly attributable to the fraud. But however that may be, and to repeat the language of Judge Martin in Morris-Buick Co. v. Pondrom, 131 Texas 98, 113 S. W. (2d) 889, "we are faced in this case, not with the necessity of announcing any new rule, but with the duty of following an old one."

In the case of Houston Water Works v. Kennedy, 70 Texas 233, 8 S. W. 36, the Court speaking through Chief Justice Stayton said:

"When an·act is in itself lawful as to the person who bases an action on injuries subsequently accruing from, and consequent upon the act, it is held that the cause of action does not accrue until the injury is sustained. * * *

\* \* \* \* \*

"*If, however, the act of which the injury was the natural sequence, was a legal injury, by which is meant an injury giving cause of action by reason of its being an invasion of a plaintiff's right,* then be the damage however slight, limitation will run from the time the wrongful act was committed, and will bar an action for any damages resulting from the act, although these may not have been fully developed until within a period less than necessary to complete the bar." (Italics ours.)

The law announced in the Kennedy case was followed by the Court of Civil Appeals in the case of American Indemnity Co. v. Ernst & Ernst, supra, which was a suit for damages based upon fraud and deceit, and in which the same arguments which have been assigned by the plaintiff in this case to except her cause of action from the statutes of limitation were expressly disallowed. Many authorities were cited by that court in support of its opinion, to which may be added the following: Moore v. Beakley (Tex. Com. App.), 215 S. W. 957; Union Central Ins. Co. v. Schidler, 130 Ind. 214, 29 N. E. 1071; 15 L. R. A. 89; 38 Am. Rep., 187; Briggs v. Brushaber, 43 Mich. 330, 5 N. W. 383; 23 Am. Jur., p. 994, sec. 175; 17 R. C. L. p. 763, sec. 129; 37 C. J., p. 936, sec. 304.

In so far as this Court is advised, the principles of law which were specifically announced in the Kennedy case and the American Indemnity Co. case, supra, and which are here

reannounced, are of general application. In 23 American Jurisprudence, p. 994, it is said:

"The mere difficulty of estimation of injury, or that the right is personal, does not bar recovery. * * *

"One who is defrauded through false representations respecting the solvency of another is damnified as soon as he is induced to act in the manner occasioning the loss, and may maintain an action therefor at once. An action for damages for fraudulently procuring a loan on inadequate security may be maintained as soon as the loan is made; and a cause of action for fraud is not postponed until after maturity of an instrument executed by the defrauder * * *."

A number of cases are cited in the foot notes in support of the text and none contra.

■ The Court of Civil Appeals also held in this case that it was fundamental error for the district court to fail to award plaintiff damages under the second count of her petition. That count, as heretofore stated, was based upon allegations that defendant Quinn was acting for plaintiff as her agent in the matters concerning the loan which she made to the defendant Davis, and that Quinn negligently failed to exercise due diligence to ascertain the values of the mortgaged properties. A cause of action based upon negligence of the agent of a party accrues at the time of the wrongful act, and consequently limitation commences to run at that time and not at the time of the ascertainment of damages, if any. Such a cause of action is subject to the two years' statute of limitation. Powers v. Schubert (Tex. Civ. App.), 220 S. W. 120; Gordon v. Rhodes, 102 Texas 300, 116 S. W. 40; Shaw v. Rogers, 117 Wash. 161, 200 Pac. 1090; 17 R. C. L., p. 763, sec. 129.

No complaint is made in this Court of the judgment of the Court of Civil Appeals in so far as it affirmed the judgment in the trial court as to the defendant W. F. Davis, and as to him the judgment of the Court of Civil Appeals is not disturbed. As respects the defendant J. G. Quinn, who was the appellee in the Court of Civil Appeals and is plaintiff in error in this Court, the judgment of the Court of Civil Appeals is reversed and the judgment of the district court affirmed.

Opinion delivered May 22, 1940.