## AMERICAN FIDELITY & CASUALTY CO. v. LINKENHOGER.

### No. 6277.

Court of Civil Appeals of Texas. Amarillo.
Jan. 26, 1953.

Rehearing Denied March 2, 1953.

Klett, Bean & Evans, Lubbock, for appellant.

Carrington, Gowan, Johnson & Walker, Dallas, for appellee.

NORTHCUTT, Justice.

This action was brought by appellee, the named insured in a public liability policy issued by appellant, against the appellant to recover the excess over $25,000 of a judgment which had been rendered against the appellee in an action for damages for personal injuries by one Benjamin Gilbert.

We refer to appellant as insurer and to appellee as insured. Under the policy the insured was protected against loss from Gilbert's injuries to the extent of $25,000. This policy required the insurer to defend the Gilbert suit against insured at its own cost and to appeal the case and several other requirements not necessary to mention.

On November 23, 1947, Gilbert was injured and filed suit thereafter against the appellee for the sum of $174,949 damages. Before the Gilbert case was tried his attorney made several offers of settlement, but none were accepted by the insurer. Gilbert recovered judgment on October 21, 1948, for the sum of $33,955.85 together with interest thereon at the rate of 6% from date of judgment. After said judgment was rendered, Gilbert's attorney made several other offers of settlement to the appellant's attorney, but all were rejected. The final offer was made by Gilbert's attorney about December, 1948, or a month or two later. At this time Gilbert's attorney offered to take $20,000 in full settlement of the $33,955.85 judgment but this offer was rejected. The Gilbert case was appealed to the higher courts but the judgment of the trial court was affirmed.

On September 6, 1951, appellee brought this suit against appellant alleging he became obligated under such judgment to pay and did pay the excess over the $25,000 of the trial court judgment for personal injuries to Benjamin Gilbert, to appellee's damage in the sum of $6,758.08. Appellee also asked for exemplary damages for the sum of $6,758.08. The appellant duly filed its answer and among several other defenses pleaded this cause of action, if any, was barred by the two year statute of limitations, Vernon's Ann.Civ.St. art. 5526. The case was tried to a jury on special issues. The jury found appellee entitled to the excess payment of $6,758.08 and also for $6,758.08 exemplary damages. Judgment was only granted for appellee for the excess payment of $6,758.08. From this judgment appellant perfected its appeal alleging two points of error. Point 2 will be discussed first.

Appellant's second point alleges that the appellee's cause of action, if any, accrued more than two years prior to the filing of suit and hence was barred by the two year statute of limitations. Appellee alleged, "As a direct and proximate result of defendant American Fidelity & Casualty Company's said negligence and gross negligence, plaintiff Edgar Linkenhoger has been damaged," thereby showing this suit was for damages caused by appellant's failure to or refusal to make settlement for a sum less than $25,000 that appellant was obligated to pay. From this record it is shown that the last conversation between the parties concerning settlement was in December, 1948, or at least a month or two later. The suit was filed September 6, 1951. From the time appellant rejected the last offer of settlement made by Mr. Gilbert's attorney up until this suit was filed was at least two and one-half years. It being the contention of appellee, and his suit is based upon that theory, that appellant caused appellee's damage by not accepting one of the offers of settlement made by Mr. Gilbert, appellee claiming that appellant could have settled for sums much less than the extent of the liability of the appellant by virtue of its policy and thereby saving this appellee from having to pay the $6,758.08 that he finally had to pay. The question then would arise as to when the facts came into existence which give rise to the cause of action. Judgment of the trial court had already been entered in the Gilbert case. Mr. Gilbert had recovered judgment against appellee for several thousand dollars more than the $25,000 that appellant owed under its insurance policy. Certainly it could not be the acts of appealing the case. A right of action accrues whenever facts come into existence which give rise to a cause of action, as stated in Crawford v. Davis, Tex. Civ.App., 148 S.W.2d 905, 907:

" 'The general rule is that a right of action accrues whenever facts come into existence which give rise to a cause of action.' 1 Tex.Jur. 632; Western Wool Commission Co. v. Hart, Tex. Sup., 20 S.W. 131; Steele v. Glenn, Tex.Civ.App., 57 S.W.2d 908. A cause

of action based upon a consummated legal wrong accrues immediately regardless of whether or not the injured party has knowledge of the wrong. Houston Water-Works v. Kennedy, 70 Tex. 233, 8 S.W. 36; Steele v. Glenn, supra."

It is impossible to tell just which act of the appellant in refusing to settle the Gilbert suit was the cause of appellee's damage, but taking each and every one of such acts they all took place more than two years prior to the filing of this suit. It is the contention of the appellee that limitation of two years did not begin to run against appellee until final disposition of the Gilbert case upon appeal and until appellee actually paid the money on the Gilbert case. This suit is an action in tort. G. A. Stowers Furniture Co. v. American Indemnity Co., Tex.Com.App., 15 S.W.2d 544; City of Vernon v. Low, Tex.Civ.App., 158 S.W.2d 857, 859: "In any event, since the cause of action is one sounding in tort, we think it is governed by the two year statute of limitations. Blondeau v. Sommer, Tex. Civ.App., 139 S.W.2d 223, writ refused."

In American Indemnity Co. v. Ernst & Ernst, Tex.Civ.App., 106 S.W.2d 763, 765, it is stated:

"The defendant's conduct, if any, in falsely inducing plaintiff to renew Arrington's bond constituted a violation of the plaintiff's rights and its cause of action therefore arose immediately or upon discovery of the fraud, even though the full amount of damages that would result therefrom could not then be ascertained, and even though the plaintiff was not required to pay the claim of the school district for the liability thus assumed under the bond until a later date."

Appellee admits in his brief that the last offer of settlement and the rejection of such offer was somewhere between December, 1948, and April, 1949, then contends although this is true, the action against appellant would not be barred by limitation under Texas law until appellee actually paid money on the Gilbert judgment. In Quinn

v. Press, 135 Tex. 60, 140 S.W.2d 438, 441, 128 A.L.R. 757, an opinion by the Supreme Court of Texas, it is stated:

"A cause of action based upon negligence of the agent of a party accrues at the time of the wrongful act, and consequently limitation commences to run at that time and not at the time of the ascertainment of damages, if any. Such a cause of action is subject to the two years' statute of limitation. Powers v. Schubert, Tex.Civ.App., 220 S.W. 120; Gordon v. Rhodes & Daniel, 102 Tex. 300, 116 S.W. 40; Shaw v. Rogers & Rogers, 117 Wash. 161, 200 P. 1090; 17 R.C.L., p. 763, sec. 129."

From what has been said, it follows that we concluded the trial court erred in failing to hold that the appellee's cause of action was barred by the two year statute of limitations and that appellant's point two as to appellee's cause of action being barred by the two year statute of limitations is sustained. Since holding the appellee's cause of action was barred by the statute of limitation, all other points raised by both parties would become immaterial and are therefore overruled.

The judgment of the trial court is reversed and judgment is here rendered for appellant.