### CORDOVA

v.

### ASSOCIATED EMPLOYERS LLOYDS.

No. 15458.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 11, 1953.

See also 250 S.W.2d 945.

Frank R. Graves and T. Young Collins, Fort Worth, for appellant.

Cantey, Hanger, Johnson, Scarborough & Gooch, Emory Cantey and W. B. Thompson, Fort Worth, for appellee.

RENFRO, Justice.

Suit was brought by John Cordova against Associated Employers Lloyds to set aside a workmen's compensation settlement agreement theretofore approved by the Industrial Accident Board. The trial court granted an instructed verdict in favor of the defendant and the plaintiff has perfected an appeal from such action.

In his petition to set aside the settlement agreement appellant alleged that in August, 1950, he suffered accidental injuries while in the employ of Armour and Company, which resulted in total permanent disability, and that on December 21, 1950, while in the same employment he suffered accidental injuries for which he was entitled to a minimum of compensation for twenty-six weeks. As a basis for cancellation of the settlement agreement, he alleged that one McKenzie, claim adjuster for appellee, knowing of his financial distress and of his two separate injuries, fraudulently induced him to sign the purported compromise agreement, whereby he agreed to accept the sum of $350 as a full and complete settlement in discharge of his employer and the insurer from all claims he had for compensation and for expenses by reason of the two accidents and resulting injuries.

On the trial of the case to set aside the settlement agreement, plaintiff testified that on August 25, 1950, while stooped over to shove a 150 pound barrel onto a truck, he strained himself and felt a pain in his stomach. He was operated that day for stomach ulcers and was away from work for eight weeks, during which time he was paid sick leave benefits by Armour and Company. He went back to work the 23rd of October and worked continuously until December 30th. On December 21st, while pulling a truck on a slant, he felt a little hurting and from then on it just kept hurting a little worse and stinging. He did not tell anyone about it at the time but called one of the company doctors that night. On the 27th he reported to a company doctor and was told he was ruptured and needed an operation. McKenzie was either in the doctor's office or in an adjoining office at the time. After some conversation with McKenzie, the appellant signed the following statement:

"December 27, 1950

"I am John Cordova, badge No. 4753. I am 65 years of age, married & live at 1414 N. Jones, Fort Worth, Texas. I have been employed by Armour & Co., in the Sausage Dept., since 1926. On Thursday, December 21, 1950, about 8:30 or 9:00 A.M., I began to feel a little soreness in my left groin, & at first it did not amount to much, but during the day it gradually became

more severe. The following day this soreness increased & as I was walking home I pressed my hand against my left groin to try to relieve the pain & I noticed what seemed to be a lump there, & upon arriving home I inspected my left groin & found the lump. This continued over the week-end & yesterday I saw Dr. Murphy & he told me I have a rupture on the left side. When I was examined by Dr. Deaton this morning he told me the same thing. I have been doing general laboring work in my department & I was doing my regular work when I noticed the soreness in my left groin. I did not have an accident of any kind on Thursday, & did not bump or strike my groin in any way, but merely became conscious of a slight soreness there that gradually grew worse over the next couple of days. I was operated for a ruptured ulcer in August, but the scar from that operation is on the right side. Aside from minor cuts & scratches from time I have had no injuries while employed by Armour & Co.

"I have read this Statement and it is truth.

"John Cordova"

On the same date, December 27th, the compromise settlement agreement was executed by the parties and recited in part: "The undersigned agree that the liability of Associated Employers Lloyds, or the extent of the injury, is uncertain, indefinite or incapable of being satisfactorily established. * * * The undersigned agree to compromise and settle this claim for workmen's compensation insurance for the sum of Three-hundred-fifty and no/100 ...Dollars ($350.00) * * *." The agreement was approved by the Industrial Accident Board on the 8th day of January, 1951.

Appellant testified that the papers were handed to him, that he read some of them but he was not feeling well and did not understand all of them so he just signed and pushed them aside.

He answered "yes" to certain questions propounded by his counsel inquiring if McKenzie told him he would get all the compensation insurance to which he was entitled. When asked, however, to relate the exact conversation he had with McKenzie, he testified that McKenzie told him, "we are going to take care of you while you are off," and that he would pay appellant $75 immediately; that to the best of his recollection McKenzie's exact words were, "I am going to take care of you," and he said something further about hospitalization insurance. He testified McKenzie said nothing more to him in regard to the settlement than that he would take care of him; that the compensation law was not mentioned.

McKenzie testified that after discussing the facts he told Mr. Cordova in his opinion liability under the workmen's compensation was very doubtful but he thought the Industrial Accident Board would approve a settlement in the amount of $350 and that he, McKenzie, would be willing to settle for that amount. He told appellant that he would try to get him something in addition under a hospitalization policy so that between the two, the settlement and the benefits under the hospitalization policy, he would have sufficient funds to cover everything. He further testified he explained the compromise settlement to appellant and that upon its approval by the Industrial Accident Board and the payment of the money the case would be entirely closed, and that the settlement was satisfactory to Cordova.

It is undisputed that McKenzie was never informed of the claim of appellant that he felt the stinging or hurting while pulling a truck on a slant. It is undisputed in the record that McKenzie had no connection with appellant concerning the August injury or illness and did not know at the time of executing the settlement agreement that plaintiff had any intention of claiming anything under the workmen's compensation law or otherwise by reason of said injury or illness.

When the agreement was signed, McKenzie had before him the statement of appellant that a small stinging occurred and gradually grew worse. McKenzie testified that it was his opinion that the hernia

was not compensable under Article 8306, Sec. 12b, Vernon's Ann.Civ.St. Said article provides:

"In all claims for hernia resulting from injury sustained in the course of employment, it must be definitely proven to the satisfaction of the board:

"1. That there was an injury resulting in hernia.

"2. That the hernia appeared suddenly and immediately following the injury.

"3. That the hernia did not exist in any degree prior to the injury for which compensation is claimed.

"4. That the injury was accompanied by pain."

It was held in Travelers' Ins. Co. v. Washington, Tex.Civ.App., 5 S.W.2d 783, 784, error refused, that it is as essential that a hernia "appear 'suddenly and immediately following the injury'" as it is that the other requirements be shown.

■ To set aside for fraud a compromise settlement approved by the Industrial Accident Board there must be a satisfactory showing of fraud sufficient to justify relief. Mere inadequacy of consideration does not justify the setting aside of the agreement in the absence of duress, fraudulent conduct or overreaching on the part of the insurer and the mere expressions of opinions are not actionable.

■ In a suit to set aside a compromise settlement on the ground of fraud, the rules of common law pertaining to suits for rescission and cancellation are applicable. Brannon v. Pacific Employers Ins. Co., 148 Tex. 289, 224 S.W.2d 466; Texas Employers Ins. Association v. Kennedy, 135 Tex. 486, 143 S.W.2d 583; Traders & General Ins. Co. v. Bailey, 127 Tex. 322, 94 S.W.2d 134. In order for a plaintiff to have a release canceled he must show, among other things, false representations

and that they were made by the defendant or his duly authorized agent, and that plaintiff relied upon such representations.

■ In reviewing the evidence in the record we do not find any evidence of probative value establishing misrepresentations or fraud on the part of McKenzie. He had before him appellant's own version of the beginning of his pain and the gradual development thereof.

In our opinion, appellant's own statement justified McKenzie's doubt that the hernia was not compensable. McKenzie did not tell appellant the claim was not compensable, but stated that in his opinion it was not compensable. There is no evidence that his opinion was given in bad faith.

The appellant himself testified that McKenzie did not tell him what the law allowed for hernia but simply told him that he would take care of him. He admitted he signed the statement in which appellee agreed to pay him $350 and he admitted that McKenzie said something about arranging for additional hospitalization. There was no representation as to what the law allowed, and Towns v. Traders & General Ins. Co., Tex.Civ.App., 107 S.W.2d 460, and Safety Casualty Co. v. McGee, 133 Tex. 233, 127 S.W.2d 176, 121 A.L.R. 1263, relied upon by appellant, do not apply.

We find no evidence of probative force in the statement of facts of any untrue statement made by McKenzie or of any promise made by him for the purpose of misleading appellant, or of any promise falsely made.

After a careful examination of the entire statement of facts, we have reached the conclusion that appellant failed to make out a prima facie case for the relief prayed for and that the trial court did not err in instructing a verdict for the appellee.

The judgment of the trial court is affirmed.