**AUSTIN LAKE ESTATES, INC., Appellant,**

v.

**George E. MEYER et ux., Appellees.**

**No. 12577.**

Court of Civil Appeals of Texas, Austin.

Oct. 26, 1977.

Rehearing Denied Nov. 9, 1977.

Russell G. Ferguson, Ferguson & Ferguson, Austin, for appellant.

William R. Travis, Hollers & Travis, Austin, for appellees.

O'QUINN, Justice.

The facts of this case in epitome are that appellant in February of 1965 sold an unimproved lot in Austin Lake Estates subdivision to appellees and subsequently, in 1970, without the knowledge or consent of appellees, sold the same lot to a third party, receiving a valuable consideration in each sale.

Appellees did not place their deed of record, and the second sale of the lot, upon which the second buyer made valuable improvements without knowledge of the first sale, deprived appellees of their property. Appellees brought suit for damages and, alternatively, for imposition of a constructive trust to prevent unjust enrichment of appellant.

After trial before the court without a jury, the court entered judgment for appellees in the sum of $667.70, the amount appellant received in 1970 as consideration in the second sale.

Appellant brings five points of error and offers a sixth claim by reply brief on appeal. We will overrule all points of error and affirm judgment of the trial court.

Appellees, plaintiffs below, are George E. Meyer and wife Beverly C. Meyer.

Early in the 1960's Collins Construction Company performed road work under contract for Austin Lake Estates corporation. At least part of the work was paid for in lots created by the subdivision. Upon voluntary dissolution of the Collins company in the mid-1960's, two lots (numbers 10 and 13) were conveyed by the company to Mrs. Meyer who prior to marriage was Beverly Collins. Since the two lots were not contiguous, the Meyers later sought and made an agreement with Wroe Owens, an attorney, then president of Austin Lake Estates, to trade their lot 13 to the corporation for lot 9, adjoining lot 10.

The record shows that George Meyer delivered the deed to lot 13 to Owens, who assured Meyer that he "would take care of the transfer of the deeds." Owens later mailed the deed to lot 9 to the Meyers. That deed, dated February 26, 1965, was signed by Owens in his capacity as president of the grantor corporation. The Meyers failed to record the deed, but used the property for camping and other recreational purposes until 1968, when they moved from Austin to Goliad, Texas.

Subsequently, after the Meyers returned to Austin in May of 1972 to live, a visit to the lot in October of that year disclosed that the lot was in possession of Harlan A. Winter who had erected substantial improvements on the property. Winter claimed the lot under a deed from Austin Lake Estates, executed by a trustee, dated April 13, 1970, which recited a consideration of $700. The record shows that Winter actually paid $667.70 for the lot, the amount made subject to the constructive trust imposed by the trial court judgment. It is also clear that Winter took the deed and possession of the property without knowledge of the Meyers claim under their unrecorded deed. Upon being consulted by the Meyers, Owens confirmed the second conveyance by Austin Lake Estates to Winter of lot 9.

The Meyers brought suit late in December of 1974, more than two years after discovery of the Winter claim. Plaintiffs prayed for damages and in the alternative for imposition of a constructive trust on proceeds of the second sale of lot 9.

Under points three and four Austin Lake Estates contends that the constructive trust imposed in favor of the Meyers was improper on the ground that a constructive trust may not be imposed in the absence of showing that a fiduciary relationship between the parties has been breached, or because a confidential relationship, before and apart from the agreement made the basis of this suit, did not exist. Neither contention has merit.

■ The constructive trust is an equitable remedy courts may employ to prevent a wrongdoer from escaping the consequences of selling another's land and keeping the proceeds. It is not essential for the application of this doctrine that an actual trust or fiduciary relationship exist, for when one party has wrongfully taken the property of another and sold to a third party, the constructive trust will follow the property or its proceeds. *Hand v. Errington*, 242 S.W. 722, 724 (Tex.Comm'n App.1922); *Eldridge v. Barreda*, 233 S.W. 319, 320 (Tex.Civ.App. San Antonio 1921, judgment reformed only as to measure of damages, 254 S.W. 769, Tex.Comm'n App.1923); *Mitchell v. Simons*, 53 S.W. 76 (Tex.Civ.App.1899, no writ).

The Supreme Court in 1974 restated with approval the rule applied in earlier cases. In *Meadows v. Bierschwale*, 516 S.W.2d 125, 128 (Tex.Sup.1974) the Supreme Court held that the contention ". . . that a constructive trust requiring the defendant to account for profits is an appropriate remedy only when breach of a fiduciary relationship is involved . . . is clearly erroneous." In *Meadows* the Court again stated the principle of equity, found in *Fitz-Gerald v. Hull*, 150 Tex. 39, 237 S.W.2d 256 (1951), that "Constructive trusts, being remedial in character, have the very broad function of

redressing wrong or unjust enrichment in keeping with basic principles of equity and justice."

■ We hold that the trial court properly imposed a constructive trust on the amount received by Austin Lake Estates in the wrongful sale of appellees' property to a third party. Under the circumstances of this case, that transaction provides a basis for the constructive trust because Austin Lake Estates holds funds which in equity and good conscience should be possessed by the Meyers. *Meadows, supra,* 516 S.W.2d 131, col. 2.

Appellant corporation contends under points one and two that the action by the Meyers was barred under the two-year and the four-year statutes of limitations. (Arts. 5526 and 5529, V.A.C.S.).

■ In actions to establish a constructive trust based on fraud, the four-year statute of limitations applies. *Culver v. Pickens,* 142 Tex. 87, 176 S.W.2d 167, 170 (1943). Fraud will prevent the statute from running until the fraud is discovered or by reasonable diligence should have been discovered. *Glenn v. Steele,* 141 Tex. 565, 61 S.W.2d 810 (1933); *Wise v. Anderson,* 163 Tex. 608, 359 S.W.2d 876 (1962); *Sherman v. Sipper,* 137 Tex. 85, 152 S.W.2d 319, 137 A.L.R. 263 (1941); *Collins v. Griffith,* 125 S.W.2d 419 (Tex.Civ.App. Amarillo 1939, writ ref'd). George Meyer testified that Winter told Meyer on October 17, 1972, that Winter claimed the property under deed, and this was sufficient to cause the action to accrue and the limitation period to start running. The Meyers brought their action in December of 1974, well within the four-year statute of limitations.

■ Appellant argues that because the Meyers claim at law for damages, an alternate action of recovery, is barred by the two-year statute of limitations, under the rule of *Quinn v. Press,* 135 Tex. 60, 140 S.W.2d 438 (1940), therefore the equitable remedy, accorded by the constructive trust, should be barred by the same statute. Although an action for relief in law, as suit for damages, may be barred in two years by

Article 5526, the alternative action for equitable relief, as suit for constructive trust, may be treated separately and allowed, as not barred in less than four years under Article 5529. *Blum v. Elkins,* 369 S.W.2d 810, 812–13 (Tex.Civ.App. Waco 1963, no writ). The contentions under points one and two are overruled.

By point five appellant challenges the trial court's judgment on the ground that there was no evidence showing that the corporate deed to the Meyers in 1965 was authorized by action of the board of directors of Austin Lake Estates. Appellant argues that the deed, an unrecorded instrument, was erroneously admitted into evidence under Article 5.08, Texas Business Corporation Act (1955).

Article 5.08 provides that any corporation may convey land by deed when the instrument is signed by the president or a vice president or attorney in fact ". . . when authorized by appropriate resolution of the board of directors or shareholders." The statute also provides that ". . . such deed *when recorded,* if signed by the president or any vice president . . . *shall constitute prima facie evidence* that such resolution of the board of directors or shareholders was duly adopted." (Emphasis added) Appellant argues that the deed to the Meyers is inadmissible in evidence because under the statute failure to record the instrument rendered the instrument inadmissible. The Supreme Court, confronted by the same contention under a similar earlier statute (Art. 600, Rev.Sts. 1879), held that the corporate deed was admissible in evidence. *Kimmarle v. Houston & T. C. Ry. Co.,* 76 Tex. 686, 12 S.W. 698 (1889).

■ It is a different matter, however, that after failing to record their deed, the Meyers in introducing the deed could not establish thereby that Wroe Owens, in execution of the deed as president of Austin Lake Estates, acted pursuant to resolution duly adopted by the board of directors. Appellant's problem, nevertheless, lies in the fact that the corporation failed to deny under oath that Owens had proper authority, as required by Rule 93(h), Texas Rules

of Civil Procedure. Unless denied under oath, the deed so challenged ". . . shall be received in evidence as fully proved." The deed to the Meyers was properly admitted over appellant's claim that no showing had been made of Owens' authority, since appellant failed to deny execution of the deed under oath. *Ship Ahoy, Inc. v. Whalen*, 347 S.W.2d 662 (Tex.Civ.App. Houston 1961, no writ). The fifth point of error is overruled.

In its reply brief on appeal, appellant contends that the Meyers failed to prove that they traded lot 13 to Austin Lake Estates in exchange for lot 9, resulting in a failure of consideration for conveyance of lot 9 to the Meyers. Both parties have briefed and joined issue on the point before this Court. Appellant affirmatively pleaded failure of consideration as a defense in the trial court as required by Rule 94, Texas Rules of Civil Procedure.

■ Failure of consideration for a contract may result as a consequence of failure of one party to perform his obligations under the agreement. *Citizens National Bank v. Rogers*, 449 S.W.2d 839 (Tex.Civ.App. Eastland 1969, writ ref'd n. r. e.). Appellant contends that the Meyers failed to transfer title to lot 13 to Austin Lake Estates, resulting in an effectual defense to the action brought by the Meyers. *Food Machinery Corp. v. Moon*, 165 S.W.2d 773 (Tex.Civ.App. Amarillo 1942, no writ).

■ This case was tried before the court without a jury, after which no findings of fact and conclusions of law were filed and none requested. In the absence of findings of facts under the circumstances, this Court must test validity of the judgment on the assumption that every disputed fact was resolved by the trial court in such a way as to support the judgment as rendered. *Construction & General Labor Union v. Stephenson*, 148 Tex. 434, 225 S.W.2d 958 (1950).

■ The record shows that both George Meyer and Wroe Owens testified that they believed lot 13 had been given in consideration for lot 9. Appellant's sole controverting evidence was a deed purporting to convey lot 13 out of Collins Construction Company to a third party in March of 1965, about one month after Owens, acting as president of Austin Lake Estates, executed the deed to lot 9 conveying title to the Meyers. The deed to the Meyers recited consideration and was supported by parol evidence. No evidence was offered or introduced concerning the deed from Collins Construction to the third party, or concerning the circumstances attending that transaction. We must assume that the trial court resolved this disputed matter in such way as to support the judgment, and, in reaching such resolution, it is reasonable that the court could find that appellant failed to meet its burden of proof on the affirmative defense of no consideration. Appellant's contention on this issue is overruled.

The judgment of the trial court is in all things affirmed.