Alice CRAIG and Western Surety, Appellants,

v.

METRO BANK OF DALLAS, Appellee/Appellant,

v.

AETNA CASUALTY AND SURETY COMPANY, Appellee.

No. 20209.

Court of Civil Appeals of Texas, Dallas.

June 19, 1980.

---

L. Randall Yazbeck, Barclay & Yazbeck, Dallas, for appellants.

Roy J. True, Jerry T. Steed, Dallas, for appellee.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Metro Bank of Dallas sued Coy M. Strickland and Alice Craig, notaries public, and their respective sureties, for fraud and negligence in making false certificates of acknowledgment on automobile title certificates. Judgment was for Metro Bank against all defendants but Strickland's surety, Aetna Casualty and Surety Company. Alice Craig and her surety, Western Surety Company, appeal claiming that there is no evidence that any negligence on her part was the proximate cause of the bank's loss, and Metro Bank also appeals, contending that the court erred in sustaining Aetna's plea of the two year statute of limitations. Strickland did not appeal. We reverse and render judgment for Craig and her surety and affirm the judgment for Aetna.

Metro Bank had a floor plan credit arrangement with an automobile dealer doing business as Al P. Brown Enterprises. Pursuant to this arrangement, the bank loaned Brown $3,100 on an automobile, relying on the certificate of title as evidence that Brown owned the car. Craig, as notary, had certified in the certificate of title that the named seller had personally appeared before her and signed the certificate. It is undisputed, however, that the seller did not appear before her. Brown defaulted on the loan and the bank discovered the false certifications, that it could not locate the car,

and later, that the automobile was inoperable at the time of the transfer of title to Brown. Suit was brought against Craig and her surety to recover the money advanced to Brown on the automobile. Metro also sued Coy Strickland, notary on a certificate of title on another automobile which was security for a loan by Metro Bank to Brown. After a non-jury trial, judgment was for Metro Bank against all defendants but Aetna, Strickland's surety.

Craig and Western Surety urge that there is no evidence and insufficient evidence to support the court's holding that Craig's negligence was the proximate cause of the bank's loss. They also argue that there is insufficient evidence that Craig was negligent in failing to have the seller appear before her personally as recited in her notarized certificate. We agree with her first argument that there is no evidence that Craig's false certification was a proximate cause of the bank's loss. Consequently, we do not answer the negligence argument.

■ Proximate cause consists of cause in fact and foreseeability. Cause in fact means that the act was a substantial factor in bringing about the loss and that no harm would have been incurred without it. Foreseeability means that a person of ordinary intelligence would have foreseen that the injurious event in question or a similar one could have occurred as a result of his action. *Missouri Pacific Railroad Co. v. American Statesman*, 552 S.W.2d 99, 103–04 (Tex. 1977); *Lopez v. Lone Star Beer Inc. of Corpus Christi*, 465 S.W.2d 774, 785 (Tex. Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.).

■ The bank's officer in charge of the installment lending section at the time testified that the bank loaned the money to Brown upon his representation that the automobiles were operational. He testified further that the bank would not have made the loan if it had known that the automobiles were wrecked. The record also reveals that the bank never attempted to foreclose its lien or repossess the vehicles and that no one has contested its lien on the vehicles.

Craig's act here could have resulted in failure of title. The bank's loss did not result from failure of title since Brown's title to the car and the bank's lien were not contested but resulted from Brown's default and the inoperability of the cars. If the seller had in fact appeared before Craig as she certified, it cannot be said that the bank would have suffered no loss. Brown still might have defaulted on his note and the automobiles would still have been inoperable. Craig's act was not a substantial factor in bringing about this loss, nor were the inoperability of the automobile or Brown's default foreseeable consequences of Craig's false certification.

The bank relies on *Standard Accident Insurance Co. v. State*, 57 S.W.2d 191 (Tex. Civ.App.—Fort Worth 1933, writ dism'd), to support its contention that Craig's act was the proximate cause of its loss. That case is distinguishable. In that case the notary certified that a land owner had appeared before him and acknowledged execution of a deed. When he discovered the deed was a forgery, the purchaser sued the notary, and the court held that the false certification was the proximate cause of the purchaser's loss. It was clear that the purchaser relied on the false certification and that he would not have purchased the land, and the loss would not have occurred, had the deed not been falsely certified. In our case, the bank's loss was not caused by its reliance on a document falsely certified to be genuine, but was due to Brown's default on the note and the fact that the automobile was inoperable. Consequently, we reverse and render judgment for Craig and Western Surety.

Metro Bank filed an appeal in this case asserting that relief against Strickland's surety, Aetna, was not barred by the two-year statute of limitations. Metro Bank filed its original petition March 6, 1978, but did not make Aetna a party until its amended petition on February 23, 1979. Aetna pleaded the statute of limitations, contending that its liability ceased on October 21, 1978, two years after Strickland's false certification. The court granted judgment

against Strickland, but denied judgment against Aetna based on its plea of limitations.

The bank contends limitations would not have run here until November 1979. It bases this argument on the court's finding that the bank discovered, or should have discovered, the negligent certification of Strickland on or about November, 1977. Metro Bank relies on *Daves v. Lawyers Surety Corp.*, 459 S.W.2d 655, 657 (Tex.Civ. App.—Amarillo 1970, writ ref'd n. r. e.), which holds that the action for breach of an official duty created by statute in that case was constructive fraud, and that the cause of action therefore accrued when the fraud was discovered, or could have been discovered by reasonable diligence.

■ Metro Bank did not plead constructive fraud. Although Metro Bank pleaded both actual fraud and negligence against Strickland, the court's findings are that Strickland was negligent in falsely certifying the certificates. The court made no findings concerning Metro's claim of fraud against Strickland, and Metro Bank did not request amended or additional findings. Therefore, the surety can be liable on its bond only for Strickland's negligent acts, and the running of limitations must be computed according to the rule in negligence cases. Metro cannot rely on the discovery rule applicable to fraud cases for tolling statute of limitations when the court's judgment was based on negligence. The fraud cause of action was rejected by the court by implication when the judge did not rule on it. *Vance v. Wilson*, 382 S.W.2d 107, 109 (Tex.1964). Consequently, as the limitations period in negligence cases begins to run from the time of the commission of the negligent act, Metro Bank's suit against Aetna was barred on October 21, 1978. *Quinn v. Press*, 135 Tex. 60, 140 S.W.2d 438, 441 (1940); *Metal Structures Corp. v. Plains Textiles, Inc.*, 470 S.W.2d 93, 98 (Tex.Civ. App.—Amarillo 1971, writ ref'd n. r. e.).

Accordingly, the judgment against Craig and her surety, Western Surety Company, is reversed and rendered that Metro Bank take nothing, and the judgment for Aetna Casualty and Surety Company is affirmed.