Carol Ann JOHNSTON, Appellant,

v.

Judy BARNES, Underwriters Adjusting Company and Commercial Insurance Company of Newark, New Jersey, Appellees.

No. B14–86–143–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 28, 1986.

Rehearing Denied Sept. 25, 1986.

Kevin Dubose, Houston, for appellant.

Jerry D. Conner, Conner & Dreyer and Greg Denlinger, Gustafson & Venzke, Houston, for appellees.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

OPINION

SEARS, Justice.

This is an appeal from a summary judgment granted in favor of appellees. Appellees averred in their motion for summary judgment that appellant's entire suit was barred by the two-year statute of limita-

tions. The trial court granted appellees' motion in all things and decreed that appellant take nothing. We affirm in part and reverse and remand in part.

Appellant suffered an on-the-job injury on August 20, 1980, while an employee of Harris County. Thereafter, she filed a claim with the Industrial Accident Board. In June of 1981, appellant began negotiating a settlement of her claim with appellee Judy Barnes, representative of appellees Underwriters Adjusting Company, and Commercial Insurance Company of Newark, New Jersey. Appellant executed a Compromise Settlement Agreement on June 16, 1981. The Industrial Accident Board formally approved the Agreement on June 29, 1981. Appellant filed suit against appellees on May 17, 1984, alleging that she was induced to enter the Compromise Settlement Agreement by her reliance on material misrepresentations of Judy Barnes. According to appellant, these material misrepresentations constituted common law fraud. She further requested that the trial court set aside the Compromise Settlement Agreement. Without waiving her request that the Agreement be set aside, appellant additionally asked for actual and punitive damages occasioned as a result of the fraudulent misrepresentations made by appellees. Appellant further sought to recover damages for alleged violations of the Texas Deceptive Trade Practices Act, specifically Sections 17.47 and 17.50 of the Business and Commerce Code, and for violations of Article 21.21, Section 16 of the Texas Insurance Code.

Appellant has stated four distinct causes of action in her suit against appellees. The first cause seeks to set aside the Compromise Settlement Agreement because appellant was induced to enter it by appellees' misrepresentations. The second cause is for actual and punitive damages arising from appellees' fraudulent misrepresentations. The third cause is for damages for Deceptive Trade Practices Act violations, and the fourth and final cause is for damages arising from violations of the Insurance Code. The central issue to be determined is whether the two- or four-year statute of limitations applies to appellant's causes of action.

■ As to the latter two causes of action, there is no doubt that the trial court correctly determined that appellant is barred from recovery by limitations. Section 17.56A of the Business and Commerce Code (Vernon Supp.1986) provides that actions must be brought within two years. Article 21.21, Section 16(d) of the Insurance Code (Vernon 1981) provides that "damages may not include any damages incurred beyond a point two years prior to the institution of the action." We agree with the trial court's conclusion that these causes were barred by limitations. Appellant conceded as much during oral submission of the case. Furthermore, we find the trial court correctly concluded that appellant's action for damages based on appellees' fraudulent misrepresentations is barred by limitations. In an action for damages based on fraud and deceit, Article 5526, the two-year statute, applies. *See Quinn v. Press*, 135 Tex. 60, 140 S.W.2d 438 (1940); *Reynolds-Southwestern Corp. v. Dresser Industries*, 438 S.W.2d 135 (Tex. Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.).

■ The crux of this appeal is the determination of whether a two- or four-year statute of limitations applies to appellant's action seeking to set aside the Compromise Settlement Agreement because of appellees' fraud. We believe Article 5529 *, the residual four-year statute, governs this aspect of appellant's suit. In a suit to set aside a compromise settlement on the grounds of fraud, the common law rules pertaining to suits for rescission and cancellation apply. *Brannon v. Pacific Em-*

---

* Article 5529, in effect when this suit was instituted, has since been repealed. It is recodified in Section 16.051 of the Texas Civil Practice and Remedies Code (Vernon Supp.1986), effective September 1, 1985, and provides that "[e]very action for which there is no express limitations, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues."

*ployers Insurance Co.*, 148 Tex. 289, 224 S.W.2d 466, 468 (1949). *See also Texas Employers' Insurance Association ·v. Maynard*, 345 S.W.2d 447 (Tex.Civ.App.—Texarkana 1961, no writ); *Gwinn v. Associated Employers Lloyds*, 280 S.W.2d 624 (Tex.Civ.App.—Fort Worth 1955, writ ref'd n.r.e.); *Cordova v. Associated Employers Lloyds*, 263 S.W.2d 270 (Tex.Civ.App.—Fort Worth 1953, no writ); *Bullock v. Texas Employers' Insurance Association*, 254 S.W.2d 554 (Tex.Civ.App.—Dallas 1952, writ ref'd). It is now well settled that in suits for rescission of a written instrument on the grounds of fraud, Article 5529, the four-year statute of limitations, is applicable. *Baird v. Mills*, 119 S.W.2d 889, 891–92 (Tex.Civ.App.—Austin 1938, writ ref'd), and cases there cited. Therefore, the trial court erred in granting appellees' motion for summary judgment as it pertained to appellant's cause of action seeking to set aside the Compromise Settlement Agreement on the grounds of fraud. This portion of appellant's suit was not barred by limitations.

We accordingly reverse the judgment of the trial court as it pertains to appellant's cause of action seeking to set aside the Agreement based on fraud, and we remand that single cause of action to the trial court. The determination that appellant's remaining causes of action were barred by limitations was correct, and the trial court properly granted appellees' motion for summary judgment as it related to them. That portion of the judgment is affirmed.