Marvin Wade, et al. v. Brent Button, et al.
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-249-CV

     MARVIN WADE, ET AL.,
                                                                              Appellants
     v.

     BRENT BUTTON, ET AL.,
                                                                              Appellees
 

From the 66th District Court
Hill County, Texas
Trial Court # 35452
                                                                                                                

O P I N I O N
                                                                                                                

             On January 5, 1998, Marvin Wade filed suit complaining that Sheriff Brent Button
wrongfully levied upon a 1982 Chevrolet pickup truck under a writ of execution issued after a
final judgment was entered against Wade. He also complained that, unless granted injunctive
relief, other exempt property would be wrongfully sold.


 Button filed a motion for summary
judgment, to which no response was filed.


 The court granted summary judgment relief. Wade
now appeals, asserting that the court erred when it granted the summary judgment.
FACTS
      In 1994, a judgment was entered against Wade and a writ of execution was issued, under
which Button levied and sold a 1982 Chevrolet pickup truck. The judgment and writ of execution
were facially valid. Because the sale of the truck did not satisfy the judgment, a second suit was
filed and a second judgment against Wade was entered, “recognizing the validity of their judgment
lien from the (original) Judgment . . . .” The judgment further ordered the sale of 17 additional
properties in satisfaction of the original judgment. To date, there has been no attempt to sell the
additional 17 properties. Wade filed suit challenging Button’s authority to sell his truck and
requesting that Button be enjoined from selling the additional 17 properties. Button filed a motion
urging six bases for granting summary judgment. The court granted the motion without specifying
the basis for its ruling. 
SUMMARY JUDGMENT STANDARD OF REVIEW 
     The summary judgment movant bears the burden to prove that no genuine issue of material fact
exists and that he is entitled to summary judgment as a matter of law. Tex. R. Civ. P. 166a(c);
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985); Bomar v. Walls
Regional Hosp., 983 S.W.2d 834, 837 (Tex. App.—Waco 1998, pet. filed); Delta Air Lines, Inc.
v. Norris, 949 S.W.2d 422, 425 (Tex. App.—Waco 1997, writ denied). If the movant is the
defendant, he must conclusively negate at least one of the elements of the non-movant's cause of
action or conclusively establish every element of an affirmative defense. Randall’s Food Mkts.,
Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Kinnard v. Circle K Stores, Inc., 966 S.W.2d
613, 616 (Tex. App.—San Antonio 1998, no pet.). Even if the non-movant does not file a
response and the motion for summary judgment is uncontroverted, the movant still retains the
burden to prove that he is entitled to summary judgment as a matter of law. City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); Hubert v. Ill. State Assistance
Comm'n, 867 S.W.2d 160, 162 (Tex. App.—Houston [14th Dist.] 1993, no writ). Once the
movant establishes a right to summary judgment, the burden then shifts to the non-movant to
present issues that would preclude a summary judgment. Drennan v. Community Health Inv.
Corp., 905 S.W.2d 811, 817 (Tex. App.—Amarillo 1995, writ denied). 
      When determining whether a material fact issue exists, we must accept as true all evidence
favorable to the non-movant. Nixon, 690 S.W.2d at 548-49; Delta Air Lines, Inc., 949 S.W.2d
at 425. We must also resolve all doubts and indulge every reasonable inference in favor of the
non-movant. Nixon, 690 S.W.2d at 549; Delta Air Lines, Inc., 949 S.W.2d at 425. Summary
judgment is not intended to deprive the litigants of their right to a full hearing on the merits of any
real fact issue. Kim v. State Farm Mut. Auto. Ins. Co., 966 S.W.2d 776, 778 (Tex. App.—Dallas
1998, no pet.). If the trial court's order affirming the movant's summary judgment does not
specify the grounds relied upon for its ruling, we will affirm the judgment if any of the grounds
within the motion for summary judgment are meritorious. State Farm Fire & Cas. Co. v. S.S.,
858 S.W.2d 374, 380 (Tex. 1993); Gardner v. Best Western Int'l, 929 S.W.2d 474, 479 (Tex.
App.—Texarkana 1996, writ denied).
STATUTE OF LIMITATIONS
      Wade argues that Button’s actions created a constructive trust. Because there is no specific
limitations period for constructive trust claims, he asserts that the four-year residual limitations
period applies. See Tex. Civ. Prac. & Rem. Code § 16.051 (Vernon 1997). Thus, if he is
correct, his suit was timely. Wade relies on Austin Lake Estates, Inc. v. Meyer to support his
assertion that he has a constructive trust claim. 557 S.W.2d 380 (Tex. App.—Austin 1977, no
writ). In Austin Lake Estates, the court considered whether a constructive trust was properly
imposed on money received in the wrongful sale of property. The court found that it was. Wade
urges that the holding in Austin Lake mandates that he has a constructive trust claim rather than
a wrongful execution claim. We disagree.
      A constructive trust prevents a wrongdoer from escaping the consequences of selling another’s
land and keeping the proceeds. Id. at 382. When one party wrongfully takes the property of
another, a constructive trust follows the property or its proceeds. Id. (citing Hand v. Errington,
242 S.W. 722, 724 (Tex. Comm’n App. 1922)). On the other hand, conversion has been defined
as "the unauthorized and unlawful exercise of dominion and control over property inconsistent
with or to the exclusion of another's superior rights in that property." Vickery v. Texas Carpet
Co., Inc., 792 S.W.2d 759, 763 (Tex. App.—Houston [14th Dist.] 1990, writ denied); see also
Bandy v. First State Bank, 835 S.W.2d 609, 622 (Tex. 1992). For example, if someone exercises
dominion and control over a car by selling it without having a right to do so, he converts the
vehicle. Kollision King, Inc. v. Calderon, 968 S.W.2d 20, 23 (Tex. App.—Corpus Christi 1998,
no writ) (citing L.L.M. v. Mayes, 733 S.W.2d 642, 646 (Tex. App.—San Antonio 1987, no writ)).
      Wade is complaining that his right to the truck was superior to Button’s because the truck was
exempt from the writ of execution. He argues that Button improperly exercised control over his
property. This is a claim of wrongful conversion which is controlled by a two-year statute of
limitations. See Tex. Civ. Prac. & Rem. Code § 16.003 (Vernon 1986 & Supp. 1999). Because
the sale occurred in May of 1995 and suit was not filed until January of 1998, Wade’s claim is
time-barred. Thus, summary judgment was proper on the grounds of limitations. We need not
address the other grounds on which summary judgment could have been granted.
      We overrule Wade’s issue and affirm the judgment.
 

                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed August 11, 1999
Do not publish